■ Leroy Butler, Appellant, v Arthur Gibbons, Jr., et al., Respondents.—Order, Supreme Court, Bronx County (Hansel McGee, J.), entered on March 30, 1990, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the grounds that the statute of limitations had run, unanimously reversed, on the law, and the complaint reinstated, without costs.

Plaintiff seeks an accounting and appointment of a receiver, based on allegations that, in 1968, he and defendant Arthur Gibbons, Jr., entered into a joint venture agreement to purchase real property. According to the complaint, they further agreed that title to the properties purchased would be placed in corporations which would be formed for that purpose, two of which are the corporate defendants in this action. Plaintiff owned 50% of the shares and, like Gibbons, is an officer and director of each corporate defendant. The properties were to be managed by Gibbons.

During the course of their association, both parties were convicted of crimes and incarcerated. When Gibbons was imprisoned in 1978, the properties were managed by two companies which were wholly owned by Gibbons, and, when he was released in 1984, he managed the properties himself. The complaint alleged that, during plaintiff's incarceration from June, 1979 through 1988 and continuing thereafter, Gibbons collected rents on the properties but never accounted to plaintiff for his share of the proceeds. Defendant's answer asserted, *inter alia,* that the corporate defendants were dissolved by proclamation for failure to pay real estates taxes, though it did not state when such dissolution occurred.

The IAS court held that plaintiff's complaint made out a claim for a shareholder's derivative action or a shareholder's direct action but that since the six year statute of limitations applicable to plaintiff's claim commenced when the defendants first failed to account to plaintiff, i.e., in 1979, the statute had run and the action was barred.

Although plaintiff contends that the gravamen of his complaint is a breach of defendant's alleged fiduciary duty created by the joint venture agreement rather than a shareholder's action, the statute of limitations applicable to such an action is also six years. (CPLR 213.) Nevertheless, the complaint was improperly dismissed. Plaintiff's allegations clearly make out a continuing wrong, *i.e.,* Gibbons' repeated and continuing failure to account and turn over proceeds earned from renting the properties since 1979. Thus, according to these allegations, a new cause of action accrued each time defendant collected the rents and kept them to himself. *(See, Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68.) Plaintiff's action was therefore timely as to any such proceeds which were retained by defendant during the six years preceding the commencement of the action.

Plaintiff's argument that he should be permitted to amend his complaint is not properly raised for the first time on appeal. Concur—Carro, J. P., Milonas, Ellerin, Smith and Rubin, JJ.