■ RELIANCE INSURANCE COMPANY, Respondent, v MORRIS ASSOCIATES, P. C., Appellant. [607 NYS2d 106] —In an action to recover damages for negligence, professional malpractice, and tortious interference with contractual relations, the defendant appeals from an order of the Supreme Court, Dutchess County (Beisner, J.), entered July 2, 1991, which denied its motion to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the defen-

dant's motion which was to dismiss the fourth cause of action asserted in the complaint, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff is the subrogee of Omega Construction Company, Inc. (hereinafter Omega), which was awarded a contract to construct a sewage treatment facility for the Pawling Joint Sewer Commission (hereinafter Pawling). The defendant is an engineering firm which signed a contract with Pawling to prepare the designs and specifications for the sewage treatment facility and supervise the construction process. The plaintiff alleges that Omega relied on the defendant's plans when it prepared its bid for the construction contract, and as a result of the defendant's negligence and malpractice in preparing the plans, Omega's costs to complete the contract were higher than the amount it was ultimately paid.

The defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. Thus, the narrow question presented for review is not whether the plaintiff will ultimately prevail in the litigation, but whether the complaint states a cause of action *(see, Becker v Schwartz,* 46 NY2d 401, 408). For the purposes of this review the allegations in the plaintiff's complaint must be assumed to be true *(see, Becker v Schwartz, supra,* at 408).

Although there was no contract between Omega and the defendant, the complaint supports the plaintiff's contention that the relationship between these two parties was so close as to approach privity *(see, Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417). The record before us also sustains the plaintiff's allegations that the defendant was aware that one of the purposes of its design plans was to assist construction companies in preparing their bids for the project *(see, Ossining Union Free School Dist. v Anderson LaRocca Anderson, supra; European Am. Bank & Trust Co. v Strauhs & Kaye,* 65 NY2d 536, 554). Furthermore, the defendant knew that Omega was part of a definable class which would rely on the plans *(see, White v Guarente,* 43 NY2d 356; *Board of Mgrs. v Schuman, Lichtenstein, Claman & Efron,* 183 AD2d 488; *Kidd v Havens,* 171 AD2d 336), and there was conduct between the defendant and Omega evincing the defendant's understanding that Omega had, in fact, relied on the plans in preparing its bid *(see, Ossining Union Free School Dist. v Anderson LaRocca Anderson, supra; McKinney & Son v Lake Placid 1980 Olympic Games,* 92 AD2 991, 993, *affd* 61 NY2d 836).

The defendant argues that it cannot be sued where, as here, it acted solely as the agent of Pawling. This claim is without merit, since it is well settled that an agent can be held liable for his own negligent acts *(see, Tucci v Hartford Cas. Ins. Co.,* 167 AD2d 387; *Jones v Archibald,* 45 AD2d 532).

The Supreme Court erred when it denied the defendant's motion to dismiss the fourth cause of action for tortious interference with contractual relations. Although we have assumed that the allegations in the plaintiff's complaint are true *(see, Becker v Schwartz,* 46 NY2d 401, 408, *supra),* the allegations support the conclusion that the defendant's interference, if any, was unintentional and merely negligent or incidental to its supervisory powers under its contract with Pawling *(see, Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276, 281; *Costanza Constr. Corp. v City of Rochester,* 135 AD2d 1111). Furthermore, the plaintiff has failed to allege a necessary element of this cause of action, to wit that the defendant intentionally procured a breach of the contract by Pawling *(see, Israel v Wood Dolson Co.,* 1 NY2d 116, 120; *Bevilacque v Ford Motor Co.,* 125 AD2d 516, 520). Rosenblatt, J. P., Ritter, Copertino and Joy, JJ., concur.