■ SEARS COOPERATIVE SAVINGS TRUST, by its Trustees, THOMAS A. SEARS and Another, Appellant, v NORSTAR BANK OF UPSTATE NEW YORK, Respondent. (Appeal No. 1.) [612 NYS2d 722] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted partial summary judgment in favor of defendant, Norstar Bank of Upstate New York. Uniform Commercial Code § 4-406 (1) provides in pertinent part that, when a bank sends its customer a statement of account "accompanied by items paid in good faith in support of the debit entries * * * the customer must exercise reasonable care and promptness to examine the statement and items to discover his unauthorized signature or any alteration on an item and must notify the bank promptly after discovery thereof." Failure to comply with the duties imposed by Uniform Commercial Code § 4-406 (1) shifts the burden of loss from the bank to the customer (Putnam Rolling Ladder Co. v Manufacturer's Hanover Trust Co., 74 NY2d 340, 345). Here, unauthorized signatures by the same person on withdrawal slips were used by an employee of Sears Oil Company to embezzle cash from the subject trust account. Supreme Court properly concluded that the action was time barred pursuant to Uniform Commercial Code § 4-406 (2) (b) and (4) because the claims for losses occurred more than one year after the first account statement containing the unauthorized withdrawals was sent. (Appeal from Judgment of Supreme Court, Oneida

County, Shaheen, J.—Breach of Contract.) Present—Green, J. P., Pine, Fallon, Callahan and Boehm, JJ.