■ MARY MANSI, Respondent, v JAY A. GAINES et al., Defendants, and STERLING NATIONAL BANK & TRUST COMPANY OF NEW YORK, Appellant. [628 NYS2d 804] —In an action, *inter alia,* to recover damages for the payment of forged checks, the defendant Sterling National Bank & Trust Company of New York appeals from so much of an order of the Supreme Court, Queens County (Milano, J.), dated March 15, 1994, as denied its cross motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the action against the remaining defendants is severed.

In her complaint, the plaintiff alleged, *inter alia,* that substantial sums of money were removed from her accounts with the appellant pursuant to a "fraudulent 'power of attorney' " and "divers" forged checks. The plaintiff sought compensatory damages and asserted separate causes of action to recover punitive damages and attorneys' fees.

The plaintiff moved for summary judgment and submitted an affidavit from a handwriting expert stating that the plaintiff's signature on 21 checks on accounts with the appellant were apparently forgeries. The appellant was unable to locate a copy of two of the disputed checks in its files, and the plaintiff failed to annex a copy of those checks to her motion papers. The plaintiff included a photocopy of a third check which, without explanation, she attributed to the appellant, but was drawn on the "American Express Centurion Bank".

The appellant cross-moved for summary judgment, acknowledging that it honored the 18 remaining checks, but claiming that, pursuant to the bank's business practices, nine of those checks and the account statements with respect thereto were forwarded to the plaintiff more than one year before the commencement of the instant action. The appellant asserted that, since the plaintiff did not report the alleged fraud before she commenced the instant action against it, her claims with respect to those nine checks were barred by UCC 4-406 (4).

With respect to the remaining nine checks, the appellant asserted that the plaintiff's claims were barred by UCC 4-406 (2) (b). The appellant noted that the plaintiff stated at a deposition that she did not review her monthly bank statements. She acknowledged in her answer to interrogatories that she did not examine copies of the cancelled checks until the end of May or June 1989. The appellant submitted evidence that its practice was to check the signature on every check filed against the customers' signature card. The checks in question bore signatures which, according to the plaintiff's handwriting expert, were apparently "written by another person who attempted to simulate her signature", and thus were not obvious forgeries.

In opposition to the appellant's cross motion, the plaintiff asserted that the appellant did "not indicate, in specific terms, how [the bank] reacted and/or acted in regard to the checks involving Mrs. MANSI". She did not dispute that she had received bank statements and failed to examine them.

The Supreme Court denied the motion and cross motion on the ground that "substantial questions of fact have been raised by all parties". We disagree and grant the appellant summary judgment.

The plaintiff, in her motion papers, failed to identify a specific transaction in which the allegedly fraudulent power of attorney was used. Although the evidence in the record indicated that the appellant honored 18 checks which may have been forged, liability with respect to nine of those checks was barred by UCC 4-406 (4) since the plaintiff did not report the alleged fraud within one year after those checks and the bank statements with respect thereto were made available to her *(see, Sears Coop. Sav. Trust v Norstar Bank,* 203 AD2d 904; *Touro Coll. v Bank Leumi Trust Co.,* 186 AD2d 425; *Five Towns Coll. v Citibank,* 108 AD2d 420, 422, n 1).

With respect to the remaining nine checks, liability was barred by UCC 4-406 (2) (b) since it was established that the plaintiff failed to exercise reasonable care to examine her bank statements and the plaintiff failed to submit any evidence that the appellant failed to exercise ordinary care in paying the items *(see, Putnam Rolling Ladder Co. v Manufacturers Hanover Trust Co.,* 74 NY2d 340, 346; UCC 4-406 [3]).

The plaintiff failed to set forth a basis for awarding punitive damages or attorneys' fees *(see, Lee Mfg. v Chemical Bank,* 186 AD2d 548, 550; *Paroff v Muss,* 171 AD2d 782). Sullivan, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.