■ Anastas M. Dimovich, Appellant, v OnBank & Trust Co., Formerly Known as Merchants National Bank & Trust Company of Syracuse, Respondent. [662 NYS2d 644] —Order and judgment unanimously affirmed with costs. Memorandum: We reject plaintiff's contention that Supreme Court erred in applying UCC 4-406 (4) to the facts of this case. Pursuant to UCC 4-406 (4), without regard to care or lack of care, a bank customer who does not within one year from the date when his statements and items, such as withdrawal slips, are made available to him "discover and report his unauthorized signature * * * on the face * * * of the item[s] * * * is precluded from asserting against the bank such unauthorized

signature" (*Sears Coop. Sav. Trust v Norstar Bank*, 203 AD2d 904). Plaintiff admitted that he received copies of the allegedly forged withdrawal slips and account statements in 1989 but did not report any forgeries to defendant until he commenced this action in 1993. Thus, the complaint was properly dismissed at trial as time-barred (*see, Touro Coll. v Bank Leumi Trust Co.*, 186 AD2d 425, 426).

Further, the three causes of action in the complaint are also time-barred under the applicable Statutes of Limitation for contracts, fraud and torts (*see,* CPLR 213 [2], [8]; 214 [4]; *see also,* CPLR 203 [g]; *Podraza v Carriero*, 212 AD2d 331, 340, *lv dismissed* 86 NY2d 885).

Finally, plaintiff's request to amend the complaint to state a cause of action under General Business Law § 349 may not be made for the first time on appeal (*see, ICS/Executone Telecom v Performance Parts Warehouse*, 171 AD2d 1066). In any event, plaintiff failed to demonstrate any facts to support a finding that the challenged conduct consisted of "acts or practices [that] have a broader impact on consumers at large", rather than a private contract dispute "unique to the parties" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25; *see,* General Business Law § 349). (Appeal from Order and Judgment of Supreme Court, Onondaga County, Nicholson, J.—Dismiss Complaint.) Present—Denman, P. J., Hayes, Callahan, Doerr and Fallon, JJ.