UNIVERSAL GASOLINE DISTRIBUTING CORP., Respondent, v McGAS, INC., et al., Defendants, and INTERNATIONAL BROKERS, LTD., Doing Business as INTERNATIONAL OIL BROKERS, et al., Appellants. [672 NYS2d 757] —In an action, *inter alia,* to recover damages for breach of contract, the defendants International Brokers, Ltd., doing business as International Oil Brokers, Joseph DiMauro, and Richard Conforti appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 2, 1997, as denied those branches of their motion which were (1) pursuant to CPLR 3211 (a) (7) to dismiss the second, fifth, eighth, and ninth causes of action in the complaint insofar as asserted against them, and (2) for summary judgment on the first and third causes of action of the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

After joinder of issue, the appellants moved, *inter alia,* pursuant to CPLR 3211 (a) (7) to dismiss the second, fifth, eighth, and ninth causes of action in the complaint insofar as asserted against them, and for summary judgment on the first and third causes of action. Contrary to the conclusion of the Supreme Court, that branch of the appellants' motion which was made pursuant to CPLR 3211 (a) (7) to dismiss the second, fifth, eighth, and ninth causes of action insofar as asserted against them was not untimely, and the appellants were not required to move under CPLR 3212 (*see,* CPLR 3211 [e]). In any event, considering the motion on the merits as one made under CPLR 3211 (a) (7), the appellants failed to demonstrate that the second, fifth, eighth, and ninth causes of action failed to state a cause of action against them (*see,* CPLR 3211 [a] [7]; *Leon v Martinez,* 84 NY2d 83; *Becker v Schwartz,* 46 NY2d 401; *Reliance Ins. Co. v Morris Assocs.,* 200 AD2d 728). Furthermore, with respect to that branch of the appellants' motion which was made pursuant to CPLR 3212 for summary judgment on the first and third causes of action, the appellants failed to establish entitlement to judgment as a matter of law (*see, Zuckerman v City of New York,* 49 NY2d 557). Thus, that branch of their motion was properly denied.

The respondent's contentions are improperly before this Court and, therefore, we do not address them. Bracken, J. P., Miller, O'Brien and Copertino, JJ., concur.