OPINION OF THE COURT
Rosalyn Richter, J.
The Attorney General of the State of New York commenced this action against the current members of the Board of Directors of the New Dance Group Studio, Inc. (NDG), a not-for-profit corporation organized under the New York Not-For-Profit Corporation Law. According to the complaint, defendant Rick Schussel, who has held various positions over the years on NDG’s Board, violated his fiduciary duties of loyalty and care to NDG by engaging in numerous self-dealing transactions. The complaint alleges that: (a) Schussel purportedly made loans to NDG that were unmemorialized by written documentation, made without express approval of the Board, and which charged excessive interest rates; (b) Schussel used NDG as a vehicle to facilitate a tax-avoidance scheme; (c) Schussel caused NDG to mortgage its building in order to fund repayment of the supposed loans, resulting in a debt-service level NDG cannot maintain; and (d) Schussel and his family live rent free in an illegal residence in NDG’s building, and use an NDG-funded automobile for personal use.
The complaint further alleges that each of the remaining defendants, who are all current members of the Board, are liable for breach of their fiduciary duties by failing to prevent Schussel’s misconduct. The Attorney General maintains that these Board members facilitated Schussel’s wrongdoing by giving him blanket authority to act on NDG’s behalf and/or by failing to oversee Schussel’s stewardship of the organization. The Attorney General seeks a judgment determining that defendants breached their fiduciary duties to NDG in violation of both the N-PCL and the EPTL, directing defendants to account for their ongoing authorizations of NDG’s accumulating debt, holding defendants jointly and severally liable for damages due to loss and waste of NDG’s assets resulting from their misconduct, removing defendants from their positions at NDG, and ejecting Schussel and his family from their residence in NDG’s building and awarding possession of the building to NDG.
*173 In this motion, defendants seek dismissal and/or partial dismissal of a number of causes of action on statute of limitations grounds. In the first four causes of action, the Attorney General alleges, inter alia, that from 1988 to the present, Schussel and the other defendants breached their fiduciary duties by negotiating and committing to mortgages and mortgage refinancings in increasing amounts resulting in monthly debt service payments that NDG could not afford. The 18th through 21st causes of action allege that defendants breached their fiduciary duties to NDG in December 1998 by taking $340,000 from one of the mortgage refinancings and depositing it in an investment account, where the bulk of the funds were lost. In the 13th and 14th causes of action, the complaint alleges that defendants breached their fiduciary duties to NDG by voting to increase Schussel’s salary from October 1993 to October 2000 without the number of votes required by the N-PCL.
Defendants argue that these claims are time-barred to the extent that they relate to actions or omissions that occurred more than three years before the action was commenced. The complaint was filed on June 19, 2004. Thus, defendants seek partial dismissal of claims 1 through 4, relating to mortgages that predate June 19, 2001, and complete dismissal of claims 13 and 14 and 18 through 21, in which all conduct alleged took place before June 19, 2001.
These causes of action allege that defendants breached their fiduciary duties to NDG. The applicable statute of limitations for breach of fiduciary duty claims depends on the substantive remedy sought. (Loengard v Santa Fe Indus., 70 NY2d 262 [1987].) “Where the relief sought is equitable in nature, the six-year limitations period . . . applies. On the other hand, where suits alleging a breach of fiduciary duty seek only money damages ... a three-year statute of limitations applies.” (Kaufman v Cohen, 307 AD2d 113, 118 [1st Dept 2003].) The Kaufman court recognized (at 118-119), however, that ‘‘[u]nfortunately, the case law provides no clear guidance on which limitations period is applicable to breach of fiduciary duty claims when both legal and equitable relief are sought.”[1]
Here, although the relief sought in these claims is a mix of both equitable and monetary remedies, the gravamen of the *174 complaint is equitable in nature. Thus, the Attorney General seeks the equitable remedies of an accounting, removal of the Board of Directors and a bar to their further service to NDG, and recision of the Board votes to increase Schussel’s salary. Although a number of the claims at issue do seek monetary damages, those remedies are ancillary to the primary relief sought, which is equitable. Here, the Attorney General, as guardian of the ultimate charitable beneficiaries of NDG, seeks to recover funds which he contends were improperly handled by defendants. The money damages are merely meant to make the nonprofit organization whole, and thus are akin to an equitable remedy. Thus, the complaint, read as a whole, is primarily equitable in nature, and the longer six-year statute of limitations should apply to the claims in dispute.
In reaching this conclusion, the court is guided by the reasoning of Justice Mazzarelli in Abrams v Arcadipane (NYLJ, Aug. 25, 1994, at 22, col 1 [Sup Ct, NY County 1994]), the only case on point found.[2] In that case, the Attorney General sought to “permanently enjoin the defendants from exercising any power for or on behalf of the [nonprofit entity] and to hold them financially accountable for their allegedly improper administration of the [entity’s] assets.” (Arcadipane, NYLJ, Aug. 25, 1994, at 22, col 1 [emphasis added].) In ruling on the defendants’ motion to dismiss on statute of limitations grounds, the Arcadipane court rejected the defendants’ argument that a three-year limitations period applied. The court held that a six-year statute of limitations applied because the complaint sought numerous forms of equitable relief, and not only monetary relief. (See Kaufman v Cohen, 307 AD2d at 118 [“where suits alleging a breach of fiduciary duty seek only money damages, ... a three-year statute of limitations applies” (emphasis added)].) The court concluded that “[t]his is not, as [defendant] argues, simply an action for damages for breach of fiduciary duty and no adequate remedy at law will provide the complete relief requested.” (Arcadipane, NYLJ, Aug. 25, 1994, at 22, col 3.) This court follows the holding of Arcadipane and concludes that a six-year statute of limitations is applicable to the claims in dispute.
Alternatively, the court holds that a six-year statute of limitations is mandated by the plain language of CPLR 213 (7). That statute provides that a six-year limitations period applies to “an action by or on behalf of a corporation against a present or for *175 mer director, officer or stockholder for an accounting . . . or to recover damages for waste or for an injury to property” (emphasis added). This court concludes that an action by the Attorney General under the N-PCL is one “on behalf of” a corporation and thus falls within the ambit of CPLR 213 (7). N-PCL 720 (a) (1) (A) and (B) expressly authorize the Attorney General to bring an action against directors of a corporation seeking “[t]o compel the defendant to account for his official conduct” in “[t]he neglect of, or failure to perform, or other violation of his duties in the management and disposition of corporate assets committed to his charge” and in “[t]he acquisition by himself, transfer to others, loss or waste of corporate assets due to any neglect of, or failure to perform, or other violation of his duties.” Thus, since the claims in question are brought “on behalf of a corporation against a present or former director ... to recover damages for waste or for an injury to property” {see CPLR 213 [7]), the six-year statute of limitations applies.
Applying this time period to the claims at issue, the court grants defendants’ motion to dismiss causes of action 1 through 4 only to the extent that they relate to mortgages that predate June 19, 1998 (six years prior to the action’s filing date), grants the motion to dismiss causes of action 13 and 14 only to the extent that they relate to Board decisions to increase Schussel’s salary that predate June 19, 1998, and denies the motion to dismiss causes of action 18 through 21, since all of the conduct alleged in those claims took place after June 1998, and thus falls within the limitations period.[3]
In addition to alleging misconduct relating to the mortgages, the first four causes of action also allege that from 1988 to the present, Schussel and the other defendants breached their fiduciary duties by causing NDG to borrow sums of money from Schussel at grossly excessive interest rates. Defendants move to partially dismiss these claims on statute of limitations grounds to the extent that they relate to loans which were made more than six years prior to the date the action was commenced. The parties agree that the relief sought in these claims is equitable in nature, and thus a six-year limitations period applies. However, they disagree on when the statute of limitations began.
*176 The statute of limitations begins to run when the cause of action accrues. (CPLR 203 [a].) A cause of action accrues “when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court.” (Aetna Life & Cas. Co. v Nelson, 67 NY2d 169, 175 [1986].) Here, the claims at issue allege that defendants breached their fiduciary duties by causing NDG to borrow money from Schussel at excessive interest rates. Thus, these causes of action accrued at the time the loans were made to Schussel, and/or approved or subsequently ratified by the Board, since all of the facts necessary to bring these claims would have occurred at that time. Thus, the court grants the motion to dismiss these causes of action only to the extent that they relate to discrete breaches of fiduciary duty, relating to the loans in question, that occurred prior to June 19, 1998.
The court rejects the Attorney General’s arguments that the accrual date for starting the limitations period must be measured based upon either CPLR 206 (d), or upon common-law principles relating to partial payments on a debt. CPLR 206 (d) provides that “[i]n an action based upon a mutual, open and current account, where there have been reciprocal demands between the parties, the time within which the action must be commenced shall be computed from the time of the last transaction in the account on either side.” Under common-law principles, a partial payment on a debt restarts the limitations period anew. However, this is not an action on a loan, a debt or an account. There is no claim for any outstanding debt due to NDG. Nor are there any claims seeking payment by NDG on a mutual, open and current account. Instead, the claims at issue are straightforward breach of fiduciary duty claims, whose accrual date must be measured from the date of the breach.
The cases upon which the Attorney General relies are easily distinguishable. All of those cases involve creditors suing debtors on loans, debts and accounts, and none of the cases involves breach of fiduciary duty claims. Here, in contrast, the debtor (NDG) is suing the creditor (Schussel), solely for breach of fiduciary duties. The mere fact that the alleged breaches of fiduciary duty relate to loans does not convert this action into an action for a debt, loan or an account. The court declines to extend settled principles of debtor-creditor law to the fiduciary duty claims at issue here.
Instead, the court is persuaded by the reasoning contained in Butler v Gibbons (173 AD2d 352 [1st Dept 1991]). In that case, *177 the Court found that plaintiff’s allegations that defendant breached his fiduciary duty, by his repeated and continuing failure to account and turn over proceeds earned from renting certain properties, constituted a continuing wrong. The Court held that plaintiffs action was timely as to any such proceeds which were retained by defendant during the six years preceding the commencement of the action. Likewise, here, the claims relating to the loans are timely only so far as they involve breaches of fiduciary duties that took place within the six years before the complaint was filed.
The Court’s ruling, however, does not necessarily render all information about the earlier loans entirely irrelevant for discovery purposes. The fact that some loans were initially made outside the six-year period does not necessarily mean that there were no subsequent breaches of fiduciary duty relating to these loans that may have taken place within the six-year period. For example, if an earlier loan was subsequently the subject of Board ratification or acquiescence within the six-year period, then discovery of that information, within the six-year period, would be permissible. Absent such discovery, which has not yet concluded, this court is not in a position to know whether or not there may have been Board conduct relating to the earlier loans which took place within the six-year period.
Next, defendants move to dismiss causes of action 15, 16 and 17 for failure to state a claim. These causes of action relate to Schussel and his family’s rent-free occupancy, as their residence, of a portion of NDG’s building. In claims 15 and 16, the Attorney General maintains that defendants breached their fiduciary duties by, inter alia, allowing Schussel to live in the building rent free, instead of renting the space out to generate income. In claim 17, the Attorney General seeks an order of ejectment based on the Schussels’ illegal occupancy. Defendants argue that these claims are moot, because Schussel and his family have vacated the premises. However, the allegations of the complaint that they currently reside there must be accepted as true. Furthermore, even if the Schussels have moved out, there are disputed issues of fact as to whether they have fully surrendered the premises and removed all of their belongings.
In any event, claims 15 and 16 are not mooted by the fact that Schussel and his family may have moved out. The fact that the Schussels may not be presently living there does not invalidate the Attorney General’s claims of earlier breaches of fiduciary duty which resulted in their using the space as their *178 residence in the first place. Nor is there any merit to defendants’ claim that these causes of action must be dismissed because there are no damages alleged. The damages claimed are lost rental income, as well as the numerous equitable remedies sought.
Defendants Ivan Dali and Perry Cohen move to dismiss a number of claims against them based on their contention that they were not members of the Board at the time of the conduct alleged in those claims. Although the Attorney General does not dispute the dates Dali and Cohen claimed to have joined the Board, it objects to dismissal prediscovery. The court agrees that Dali and Cohen’s motion to dismiss is premature because discovery is required to determine whether any relevant authorizations were issued, or prior Board actions ratified, relating to the allegations in the claims, once Cohen and Dali had become Board members.
Finally, the court rejects defendants’ claim that certain causes of action are barred by laches. It is well settled that laches “cannot be invoked against a governmental agency to prevent it from discharging its statutory duties.” (Matter of New York State Med. Transporters Assn. v Perales, 77 NY2d 126, 130 [1990].) In any event, even if a laches defense could be maintained against the Attorney General here, the facts of the case do not support its application.
Accordingly, it is ordered that defendants’ motion to partially dismiss certain causes of action on statute of limitations grounds is granted in part and otherwise denied, as explained above; and it is further ordered that defendants’ motion to dismiss certain causes of action for failure to state a claim is denied.

. The Kaufman court did not reach the issue, because it held, under the facts of the case, that fiduciary duty claims based on allegations of actual fraud are subject to a six-year statute of limitations. Here, there are no allegations of actual fraud.

. The parties cite no other cases addressing which limitations period applies to claims which seek both legal and equitable relief.

. Unlike the loan account claims (see infra at 176), the Attorney General does not contend that the statute of limitations for these claims extends beyond the six-year period preceding the filing of the action.