■ AARON WIDER et al., Respondents, v OMNI TITLE AGENCY, INC., Appellant. [795 NYS2d 470]—In an action to recover damages for negligence and breach of fiduciary duty, the defendant appeals from an order of the Supreme Court, Nassau County (Cozzens, J.), dated October 1, 2004, which denied its motion to dismiss the complaint, inter alia, on the grounds of the statute of limitations and lack of standing.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The Supreme Court incorrectly characterized the complaint as alleging breach of contract. The plaintiffs set forth a claim predicated upon theories of negligence and breach of fiduciary duty. The Supreme Court erred in denying that branch of the defendant's motion which was to dismiss the complaint based upon the statute of limitations, as the defendant demonstrated definitively through documentary evidence that the transaction upon which the plaintiffs' claim was predicated occurred in April 2000, more than four years prior to the commencement of this action (*see* CPLR 214; *Berardino v Ochlan*, 2 AD3d 556 [2003]; *Heffernan v Marine Midland Bank*, 283 AD2d 337 [2001]).

The defendant's documentary evidence also conclusively established the additional defense that the plaintiffs lacked

standing (*see Asset Securitization Corp. v Orix Capital Mkts., LLC*, 12 AD3d 215 [2004], *lv denied* 4 NY3d 704 [2005]). Therefore, the defendant's motion to dismiss should have been granted.

In light of the above, the defendant's remaining arguments have been rendered academic. Prudenti, P.J., Schmidt, Luciano and Lifson, JJ., concur.