■ HOWARD TENENBAUM et al., Appellants, v ROMLES GIBBS et al., Defendants, and EASTERN SAVINGS BANK, FSB, Respondent. [813 NYS2d 155]—

In an action to recover damages for negligence and fraud, the plaintiffs appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated September 24, 2004, which granted the motion of the defendant Eastern Savings Bank, FSB, to dismiss the complaint insofar as asserted against it pursuant to

CPLR 3211 (a) (5) and (7), and denied their cross motion for leave to amend the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs alleged that the defendant Eastern Savings Bank, FSB (hereinafter Eastern Bank), negligently relied on false representations made by the defendant Romles Gibbs that he had authority to represent the defendant 992 Gates Avenue Corp. (hereinafter Gates) in a mortgage transaction. At the time of the mortgage transaction, the plaintiffs were the sole owners of Gates and were negotiating to sell their interest to Gibbs. The plaintiffs later sold their interest in Gates to Gibbs in exchange for consideration that included a note secured by a mortgage on the real property owned by Gates. After Gates defaulted on its obligations, the plaintiffs commenced a foreclosure action and sought a declaration that the prior mortgage obtained by Eastern Bank was void. Eastern Bank represented that the plaintiffs eventually received full payment on their mortgage as a result of the prior foreclosure action.

Regardless of the enforceability of the mortgage obtained by Eastern Bank, the plaintiffs have no distinct cause of action to recover damages for negligence because, as a mortgagee bank, Eastern Bank did not owe any duty of care to ascertain the validity of the documentation presented by the individual who falsely claimed to have authority to act on behalf of the borrower corporation (*see Banque Nationale de Paris v 1567 Broadway Ownership Assoc.*, 214 AD2d 359, 360 [1995]). Moreover, any negligence claim would be barred by the three-year statute of limitations (*see* CPLR 214 [4]; *Wider v Omni Tit. Agency, Inc.*, 18 AD3d 868 [2005]).

Eastern Bank was also entitled to dismissal of the purported fraud cause of action insofar as asserted against it, now limited to the allegation that Eastern Bank wrongly maintained that its first-recorded mortgage was valid, since the plaintiffs failed to plead any of the material elements of a fraud cause of action (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *Seeds v Seeds*, 157 AD2d 654 [1990]).

In addition, the plaintiffs did not adequately respond to Eastern Bank's contention that they eventually received full payment on their mortgage, and therefore suffered no damages recoverable on a negligence or fraud cause of action. Miller, J.P., Luciano, Lunn and Dillon, JJ., concur.