■ ALBERTA HARRIS et al., Respondents, v MUSILIWU ADEJUMO et al., Defendants, and AMERICAN HOME MORTGAGE ACCEPTANCE, INC., Appellant. [830 NYS2d 561]—

In an action, inter alia, to recover damages for fraud, the defendant American Home Mortgage Acceptance, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated October 7, 2005, as denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the appellant's motion to dismiss the complaint insofar as asserted against it is granted.

In the fall of 2004 the plaintiff Alberta Harris was in danger of losing her home in a foreclosure action when her attorney, the defendant Chuka Steve Okenwa, allegedly promised to find a buyer for the premises. Harris claims that Okenwa subsequently found a buyer willing to pay $430,000 for the premises, and counseled her to accept the offer. At a closing conducted on December 23, 2004 Harris did not read any of the documents she signed, and believed that she was conveying the premises to the buyer procured by Okenwa for the sum of $430,000. However, in actuality, Harris conveyed the premises to another individual who paid the sum of $575,000. Harris did not receive the $145,000 difference between the represented sales price and the actual sales price.

After discovering the true identity of the buyer and the actual sales price, Harris and Kathleen Agunloye, who also had an interest in the premises, commenced this action, inter alia, to recover damages for fraud. Seven defendants were named in the action, including Okenwa, the intended buyer, the actual buyer, and American Home Mortgage Acceptance, Inc. (hereinafter American Home), the lender who financed the purchase of the premises. The complaint alleged that all of the defendants knew that Okenwa had procured a buyer who was going to pay $145,000 below the fair market value of the property, and knew that the property was actually going to be conveyed to another individual at a higher price. American Home thereafter moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it, contending that the complaint failed to state a cause of action against it because the complaint did not allege that it participated in or profited from the purported scheme. In opposition to the motion, the plaintiffs argued that a comparison of Harris's signature on a document that she had signed during the closing, and her purported signature on the fraudulent contract to sell the property to the actual buyer, "should have revealed to American Home that the documents were not signed by the same person," and caused it to question what was going on rather then sitting by and permitting the fraud to occur. American Home responded by arguing that it owed no duty to the plaintiffs to authenticate the genuineness of the signatures of the parties to the transaction. The Supreme Court denied American Home's motion, finding that the allegations set forth in the complaint and amplified by affidavits submitted by Harris supported the plaintiffs' claim.

On appeal, American Home continues to maintain that the complaint fails to state a cause of action against it because it owed no duty of care to the plaintiffs. We agree. As articulated by the plaintiffs in opposition to the motion, the gravamen of their fraud claim against American Home is that the discrepancy in the appearance of Harris's signature on the closing documents, and her purported signature on the allegedly fraudulent contract of sale, should have caused American Home to question the transaction and take action to stop the scheme. However, American Home, in its capacity as a lender and prospective mortgagee, did not owe the plaintiffs a duty of care to examine and authenticate the genuineness of Harris's signature on the contract of sale (*see Burger v Singh*, 28 AD3d 695 [2006]; *Tenenbaum v Gibbs*, 27 AD3d 722 [2006]; *Beckford v Northeastern Mtge. Inv. Corp.*, 262 AD2d 436 [1999]; *Banque Nationale de Paris v 1567 Broadway Ownership Assoc.*, 214 AD2d 359 [1995]). In the absence of such a duty, the complaint does not

state a cause of action to recover damages against American Home, and its motion to dismiss the complaint insofar as asserted against it should have been granted. Krausman, J.P., Florio, Lunn and Covello, JJ., concur.