■ HERSCHEL FLAX et al., Respondents, v LINCOLN NATIONAL LIFE INSURANCE COMPANY et al., Appellants. [864 NYS2d 559]—

In an action to recover damages for breach of contract, fraud, and negligent misrepresentation, the defendants Lincoln National Life Insurance Company and Aetna Life Insurance

and Annuity Company appeal, and the defendants Estate of Timothy Henry Shoecraft, Graydon Garner, Colburn International, Inc., and Independent Financial Group, Inc., separately appeal, as limited by their respective notices of appeal and briefs, from so much of an order of the Supreme Court, Nassau County (Spinola, J.), entered May 21, 2007, as, upon granting those branches of their separate motions which were to dismiss the causes of action to recover damages for breach of contract, fraud, and negligent misrepresentation, determined that the complaint stated a cause of action to recover damages for violation of General Business Law § 349.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the plaintiffs to the defendants appearing separately and filing separate briefs, and the motion to dismiss the complaint is granted in its entirety.

In 1999, insurance agents Timothy Shoecraft and Graydon Garner marketed a flexible premium variable life insurance policy to the plaintiff Dr. Herschel Flax. This insurance policy contained an investment component allowing the policyholder to control how the premiums were to be invested. Dr. Flax alleges that the insurance agents marketed the policy as an estate planning device, representing that an initial investment of $1 million in premiums would yield at least $4.5 million in death benefits, which would not be subject to estate taxes because the policy would actually be owned by a life insurance trust created for that purpose. An illustration which the agents prepared for Dr. Flax assumed that the mutual funds in which the premiums were to be invested would yield an annual return of 10%, which would support the projected death benefits. However, the illustration also expressly provided that it should not be considered a representation of future investment results because "[a]ctual investment results may be greater or lesser than those shown and will depend upon a number of factors, including the investment choices and allocations made by the owner of the policy and the different rates of return earned by those investments." Dr. Flax asserts that he did not need or want additional life insurance when he agreed to purchase the policy, and that the illustrated investment returns were the main selling point of the policy as marketed. The policy never realized the 10% percent annual return projected by the insurance agents' illustration, and by December 2004 the death benefits payable under the policy had decreased to $1,659,333, and the cash value of the policy had declined to $300,000.

In December 2005 the plaintiffs commenced this action against the insurance agents who had marketed the policy to

Dr. Flax, and the insurance companies that had issued the policy, seeking damages for breach of contract, fraud, and negligent misrepresentation. The plaintiffs alleged that the insurance company defendants had breached the insurance contract because the policy failed to perform as illustrated, and the total cost of insurance provided ultimately amounted to almost 50% of the policy's premiums. The plaintiffs further claimed that the insurance agent defendants, inter alia, had fraudulently represented that life insurance was only an incidental benefit of the policy, and had concealed the fact that life insurance constituted the major portion of the cost of the policy. The insurance company defendants and the insurance agent defendants separately moved to dismiss the complaint for failure to state a cause of action. The Supreme Court granted those branches of the defendants' motions which were to dismiss the breach of contract, fraud, and negligent misrepresentation claims, noting, among other things, that disclaimers contained in the policy and the promotional materials provided to Dr. Flax were sufficient to absolve the defendants of fraud. However, although no cause of action was asserted pursuant to General Business Law § 349, the court concluded that the complaint stated a cause of action to recover damages for a deceptive act or business practice in violation of that statute.

On a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the court must accept all of the facts alleged in the pleading to be true, and accord the plaintiff the benefit of every possible favorable inference in determining whether the allegations fit within any cognizable legal theory (*see Leon v Martinez,* 84 NY2d 83 [1994]; *Smith v Meridian Tech., Inc.,* 52 AD3d 685 [2008]; *Mancuso v Rubin,* 52 AD3d 580 [2008]). Applying these principles here, the factual allegations set forth in the complaint fail to set forth a viable claim to recover damages for a violation of General Business Law § 349. General Business Law § 349 is a broad consumer protection statute which declares "[d]eceptive acts or practices in the conduct of any business, trade or commerce" to be unlawful (*see Stutman v Chemical Bank,* 95 NY2d 24, 28 [2000]). "As a threshold matter, in order to satisfy General Business Law § 349 plaintiffs' claims must be predicated on a deceptive act or practice that is 'consumer oriented' " (*Gaidon v Guardian Life Ins. Co. of Am.,* 94 NY2d 330, 344 [1944], quoting *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20, 24-25 [1995]). Deceptive acts or practices may be considered "consumer oriented" when they have a broad impact on consumers at large (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20, 25 [1995]). In

contrast, private contract disputes which are unique to the parties do not fall within the ambit of the statute (*id.* at 25). Here, the plaintiffs do not allege that the defendants engaged in deceptive business practices directed at members of the public generally who purchased flexible premium life insurance policies (*cf. Gaidon v Guardian Life Ins. Co. of Am.,* 94 NY2d 330 [1999]; *Shebar v Metropolitan Life Ins. Co.,* 25 AD3d 858, 859 [2006]; *Monter v Massachusetts Mut. Life Ins. Co.,* 12 AD3d 651 [2004]). Rather, the plaintiffs' claim is predicated upon allegations that the insurance agents marketed the policy to Dr. Flax by making misleading oral representations regarding the nature of the policy, and projecting the death benefits the policy would provide based upon an estimate that the investments selected by Dr. Flax would yield a 10% rate of return. These marketing practices are unique to Dr. Flax, and do not have an impact on the public at large. Accordingly, the factual allegations set forth in the complaint are insufficient to show that the defendants engaged in consumer oriented conduct, and do not state a cause of action for violation of General Business Law § 349 (*see Brooks v Key Trust Co. N.A.,* 26 AD3d 628 [2006]; *Berardino v Ochlan,* 2 AD3d 556, 557 [2003]).

The plaintiffs' request for leave to amend the complaint is improperly made for the first time on appeal (*see Dimovich v OnBank & Trust Co.,* 242 AD2d 922, 923 [1997]; *Butler v Gibbons,* 173 AD2d 352, 353 [1991]).

In view of our determination, we do not reach the defendants' remaining contentions. Lifson, J.P., Florio, Eng and Belen, JJ., concur.