■ EIGHTH AVENUE GARAGE CORP., Appellant, v H.K.L. REALTY CORP. et al., Defendants, and LILA SCHEINER, Respondent. [875 NYS2d 8]—

Order, Supreme Court, New York County (Louis B. York, J.), entered March 7, 2008, which, to the extent appealed from, denied plaintiff's motion to amend its complaint for a second time, unanimously affirmed, with costs.

Leave to amend a pleading is freely given (CPLR 3025 [b]), absent prejudice or surprise resulting directly from the delay (*McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.*, 59 NY2d 755 [1983]). The determination of whether to allow such an amendment is reserved for the court's discretion, and exercise of that discretion will not be overturned without a showing that the facts offered for the amendment do not support the new claim(s) (*Murray v City of New York*, 43 NY2d 400 [1977]). Nevertheless, in order to conserve judicial resources, an examination of the underlying merits of the proposed causes of action is warranted (*Megaris Furs v Gimbel Bros.*, 172 AD2d 209 [1991]). Where a court concludes that an application to amend a pleading clearly lacks merit, leave is properly denied (*see Davis & Davis v Morson*, 286 AD2d 584, 585 [2001]).

Here, the motion court did not improvidently exercise its discretion in denying leave to amend the complaint for the second time. The causes of action in the proposed amended complaint lack merit; under no set of circumstances could plaintiff have demonstrated either that defendant Scheiner breached the lease by not providing an estoppel certificate or that defendant Scheiner's failure to deliver an estoppel certificate caused any damage to plaintiff. Similarly, under no set of circumstances could plaintiff have made out a case for tortious interference with advantageous business relations (*see Carvel Corp. v Noonan*, 3 NY3d 182 [2004]; *NBT Bancorp v Fleet/ Norstar Fin. Group*, 87 NY2d 614 [1996]). Concur—Mazzarelli, J.P., Gonzalez, Sweeny, McGuire and DeGrasse, JJ.