■ MOSHE MOSBACHER et al., Respondents, v JP MORGAN CHASE BANK, N.A., Appellant. [970 NYS2d 872]—

In an action to recover damages for negligent misrepresentation and breach of the covenant of good faith and fair dealing implied in a credit agreement, the defendant appeals from an order of the Supreme Court, Nassau County (Driscoll, J.), entered February 22, 2012, which denied its motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint is granted.

Moshe Mosbacher and M. Mosbacher Diamond Corp. (hereinafter Mosbacher Diamond) commenced this action to recover damages for negligent misrepresentation and breach of the covenant of good faith and fair dealing implied in a revolving credit agreement that Mosbacher Diamond entered into with the defendant. The defendant moved pursuant to CPLR 3211 (a) to dismiss the complaint.

The Supreme Court should have granted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint. The complaint failed to allege the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiffs (*see Mandarin Trading*

*Ltd. v Wildenstein*, 16 NY3d 173, 180 [2011]). "[A]n arm's length borrower-lender relationship . . . does not support a cause of action [to recover damages] for negligent misrepresentation" (*Greenberg, Trager & Herbst, LLP v HSBC Bank USA*, 17 NY3d 565, 578 [2011] [internal quotation marks omitted]). Thus, to the extent that the complaint sought to recover damages for negligent misrepresentation, it failed to state a cause of action (*see* CPLR 3211 [a] [7]).

Furthermore, the documentary evidence utterly refutes the cause of action alleging that the defendant breached the covenant of good faith and fair dealing implied in the credit agreement (*see* CPLR 3211 [a] [1]; *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). The defendants' conduct did not deprive Mosbacher Diamond of the right to receive the benefits of the credit agreement (*see Moran v Erk*, 11 NY3d 452, 456 [2008]; *EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 22 [2005]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Hall, Lott and Sgroi, JJ., concur. **[Prior Case History: 2012 NY Slip Op 30480(U).]**