■ JP Morgan Chase Bank, N.A., Plaintiff, v Dirk Hall et al., Defendants, and Macia Drummond, Defendant/Third-Party Plaintiff-Respondent-Appellant, et al., Defendant/Third-Party Plaintiff. Wells Fargo Home Mortgage, Inc., et al., Third-Party Defendants-Respondents, and New York Land Abstract Corporation, Third-Party Defendant-Appellant-Respondent, et al., Third-Party Defendants. [996 NYS2d 309]—

In an action to foreclose a mortgage, (1) the third-party defendant New York Land Abstract Corporation appeals from so much of an order of the Supreme Court, Queens County (Butler, J.), entered July 5, 2012, as denied those branches of its motion which were pursuant to CPLR 3211 (a) (7) to dismiss the third-party causes of action to recover damages for negligence and negligent misrepresentation insofar as asserted against it, and (2) the third-party plaintiff Macia Drummond cross-appeals

from so much of the same order as (a) granted those branches of the motion of the third-party defendant New York Land Abstract Corporation which were pursuant to CPLR 3016 (b) and CPLR 3211 (a) (7) to dismiss the third-party causes of action alleging fraud, civil conspiracy to defraud, unconscionability, and violations of General Business Law § 349 insofar as asserted against it, and (b) granted the separate motions of the third-party defendants Wells Fargo Home Mortgage, Inc., and Residential Home Funding Corporation which were pursuant to CPLR 3016 (b) and CPLR 3211 (a) (7) to dismiss the third-party complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the third-party defendant New York Land Abstract Corporation which were pursuant to CPLR 3016 (b) and CPLR 3211 (a) (7) to dismiss the third-party causes of action alleging fraud and civil conspiracy to defraud insofar as asserted against it, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the third-party defendants Residential Home Funding Corporation and Wells Fargo Home Mortgage, Inc., payable by the third-party plaintiff Macia Drummond.

In June 2009, the third-party plaintiff Macia Drummond (hereinafter Drummond) purchased a residential property in Cambria Heights from the defendant Amir Properties and Development, Inc. (hereinafter Amir). The purchase was financed with a mortgage loan obtained from the third-party defendant Residential Home Funding Corporation (hereinafter RHF). The mortgage was subsequently transferred to the third-party defendant Wells Fargo Home Mortgage, Inc. (hereinafter Wells Fargo). According to Drummond, although she was assured at the closing that there were no liens burdening the property, there was, in fact, a prior mortgage held by the plaintiff, JP Morgan Chase Bank, N.A. (hereinafter Chase), which had never been satisfied.

Shortly after the closing, Chase, the holder of the pre-existing mortgage, commenced the instant action against, among others, Amir, and Drummond as a "Jane Doe" residing at the property. Drummond filed a third-party complaint against, among others, her attorney, Amir's attorney, RHF, Wells Fargo, and New York Land Abstract Corporation (hereinafter New York Land), the title abstract company, which had issued a title report at the request of Amir's attorney. She alleged that she was the victim of an "abhorrent predatory lending scheme" in a "fraudulent

purchase and finance transaction" and asserted causes of action sounding in, inter alia, fraud, negligence, negligent misrepresentation, and unconscionability.

RHF, Wells Fargo, and New York Land all moved, separately, to dismiss the third-party complaint insofar as asserted against them for failure to state a cause of action and for lack of specificity in stating a cause of action based upon fraud. The Supreme Court granted the motions of RHF and Wells Fargo to dismiss all third-party causes of action insofar as asserted against them. The Supreme Court also granted those branches of New York Land's motion which were to dismiss the third-party causes of action alleging fraud, civil conspiracy to defraud, unconscionability, and violations of General Business Law § 349 insofar as asserted against it. The Supreme Court also denied a request by Drummond, apparently made in a footnote in her memorandum of law, for leave to replead. New York Land appeals, and Drummond cross-appeals.

New York Land contends that the Supreme Court should have granted those branches of its motion which were to dismiss the causes of action sounding in negligence and negligent misrepresentation insofar as asserted against it, because there were no allegations in the third-party complaint of privity upon which to premise a claim of duty owed to Drummond. We reject this argument. Although there was no contract between Drummond and New York Land, affording the pleadings a liberal construction and accepting all facts alleged as true (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]), the third-party complaint supports Drummond's contention that the relationship between these two parties was so close as to approach privity (*see Ossining Union Free School Dist. v Anderson LaRocca Anderson*, 73 NY2d 417, 424 [1989]; *Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536, 551 [1985]; *Reliance Ins. Co. v Morris Assoc.*, 200 AD2d 728, 729 [1994]; *Kidd v Havens*, 171 AD2d 336, 339 [1991]). Indeed, the pleading alleges that New York Land was aware that the abstract and title report that it prepared were to be used for the specific purpose of facilitating a sale or mortgage of the property, that New York Land knew that Drummond was a member of a definable class who would rely on the certification in furtherance of that purpose, and that there was conduct between New York Land and Drummond evincing New York Land's understanding of Drummond's reliance (*see Reliance Ins. Co. v Morris Assoc.*, 200 AD2d at 729; *Kidd v Havens*, 171 AD2d at 339). Accordingly, the Supreme Court properly denied those branches of New York Land's motion which were to

dismiss, for failure to state a cause of action, the third-party causes of action alleging negligence and negligent misrepresentation insofar as asserted against it.

While the third-party complaint states causes of action sounding in negligence and negligent misrepresentation against New York Land, the Supreme Court, contrary to the contentions raised by Drummond in her cross-appeal, properly granted those branches of RHF's and Wells Fargo's motions which were to dismiss those causes of action insofar as asserted against them. The third-party complaint failed to allege the existence of a special or privity-like relationship imposing a duty on these third-party defendants, as lender and assignee respectively, to verify that the mortgage secured by the subject property was a valid first lien (*see Greenberg, Trager & Herbst, LLP v HSBC Bank USA*, 17 NY3d 565, 578 [2011]; *Mosbacher v JP Morgan Chase Bank, N.A.*, 109 AD3d 525, 526 [2013]; *Dobroshi v Bank of Am., N.A.*, 65 AD3d 882, 884 [2009]; *see also Harris v Adejumo*, 36 AD3d 855 [2007]; *Burger v Singh*, 28 AD3d 695 [2006]; *Tenenbaum v Gibbs*, 27 AD3d 722 [2006]). In the absence of such a duty, the complaint did not state a cause of action against RHF or Wells Fargo sounding in negligence or negligent misrepresentation (*see Mosbacher v JP Morgan Chase Bank, N.A.*, 109 AD3d at 526; *Harris v Adejumo*, 36 AD3d 855 [2007]).

Drummond correctly contends, however, that the Supreme Court should have denied that branch of New York Land's motion which was to dismiss the third-party fraud cause of action insofar as asserted against it. "The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (*Introna v Huntington Learning Ctrs., Inc.*, 78 AD3d 896, 898 [2010]; *see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]; *House of Spices [India], Inc. v SMJ Servs., Inc.*, 103 AD3d 848, 850 [2013]). "All of the elements of a fraud claim 'must be supported by factual allegations containing the details constituting the wrong' in order to satisfy the pleading requirements of CPLR 3016 (b)" (*House of Spices [India], Inc. v SMJ Servs., Inc.*, 103 AD3d at 850, quoting *Cohen v Houseconnect Realty Corp.*, 289 AD2d 277, 278 [2001]). In certain circumstances, however, it may be "almost impossible to state in detail the circumstances constituting a fraud where those circumstances are peculiarly within the knowledge of [an adverse] party" (*Jered Contr. Corp. v New York City Tr. Auth.*, 22 NY2d 187, 194 [1968]). "Under such circumstances, the heightened pleading

requirements of CPLR 3016 (b) may be met when the material facts alleged in the complaint, in light of the surrounding circumstances, 'are sufficient to permit a reasonable inference of the alleged conduct' including the adverse party's knowledge of, or participation in, the fraudulent scheme" (*High Tides, LLC v DeMichele*, 88 AD3d 954, 957 [2011], quoting *Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 492 [2008]; *see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]; *Daly v Kochanowicz*, 67 AD3d 78, 90-91 [2009]). Here, accepting all facts alleged as true (*see Leon v Martinez*, 84 NY2d at 87), the third-party complaint contains sufficient allegations of fact from which it can be inferred that New York Land was aware of the alleged fraudulent scheme and intended to aid in the commission thereof (*see Sargiss v Magarelli*, 12 NY3d 527, 531 [2009]; *House of Spices [India], Inc. v SMJ Servs., Inc.*, 103 AD3d at 850; *see generally First Keystone Consultants, Inc. v DDR Constr. Servs.*, 74 AD3d 1135 [2010]). Accordingly, the Supreme Court should have denied that branch of New York Land's motion which was to dismiss the third-party fraud cause of action insofar as asserted against it.

Similarly, the Supreme Court should have denied that branch of New York Land's motion which was to dismiss the third-party cause of action alleging civil conspiracy to defraud insofar as asserted against it. "Although New York does not recognize civil conspiracy to commit a tort . . . as an independent cause of action, a plaintiff may plead the existence of a conspiracy in order to connect the actions of the individual defendants with an actionable, underlying tort and establish that those actions were part of a common scheme" (*Levin v Kitsis*, 82 AD3d 1051, 1052 [2011] [internal quotation marks and citations omitted]). Again, affording the third-party complaint a liberal construction, Drummond alleged sufficient facts from which it may be inferred that New York Land knowingly participated, with certain other third-party defendants, in the alleged fraudulent scheme (*see id.* at 1052; *cf. High Tides, LLC v DeMichele*, 88 AD3d at 960).

However, the Supreme Court properly granted those branches of RHF's and Wells Fargo's separate motions which were to dismiss the third-party causes of action alleging fraud and conspiracy to defraud insofar as asserted against them. Considering their status as lender and assignee, respectively, it cannot be inferred that RHF or Wells Fargo was aware of the alleged fraudulent scheme and agreed to "cooperate" by issuing a loan and allowing the funds issued to be distributed to, among others, the other third-party defendants (*see generally Goel v Ram-*

*achandran*, 111 AD3d 783, 793 [2013]; *High Tides, LLC v DeMichele*, 88 AD3d at 960). Notably, such an inference is inconsistent with allegations that the mortgage loan issued by RHF and subsequently assigned to Wells Fargo was essentially unsecured due to the preexisting Chase mortgage, of which Drummond was unaware.

Contrary to Drummond's contentions, the factual allegations set forth in the third-party complaint fail to set forth a viable cause of action to recover damages from RHF or New York Land for violations of General Business Law § 349. General Business Law § 349 is a broad consumer protection statute, which declares "[d]eceptive acts or practices in the conduct of any business, trade or commerce" to be unlawful (General Business Law § 349 [a]; *see North State Autobahn, Inc. v Progressive Ins. Group Co.*, 102 AD3d 5 [2012]; *Flax v Lincoln Natl. Life Ins. Co.*, 54 AD3d 992 [2008]). A party claiming the benefit of General Business Law § 349 must, as a threshold matter, " 'charge conduct that is consumer oriented' " (*North State Autobahn, Inc. v Progressive Ins. Group Co.*, 102 AD3d at 11-12, quoting *New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 320 [1995]). "The single shot transaction, which is tailored to meet the purchaser's wishes and requirements, does not, without more, constitute consumer-oriented conduct for the purposes of this statute" (*North State Autobahn, Inc. v Progressive Ins. Group Co.*, 102 AD3d at 12 [internal quotation marks omitted]). Rather, the defendant's acts or practices "must have a broad impact on consumers at large" (*New York Univ. v Continental Ins. Co.*, 87 NY2d at 320). Here, Drummond's General Business Law § 349 cause of action is predicated upon allegations that the third-party defendants fraudulently induced her to purchase the subject property and finance it with a mortgage loan from RHF. As the

Supreme Court properly concluded, these factual allegations do not amount to conduct that has an impact on the public at large and, as such, do not state a cause of action for violation of General Business Law § 349 (*see Flax v Lincoln Natl. Life Ins. Co.*, 54 AD3d 992 [2008]; *Brooks v Key Trust Co. N.A.*, 26 AD3d 628 [2006]).

The Supreme Court also properly granted those branches of RHF's and Wells Fargo's separate motions which were to dismiss the causes of action seeking affirmative relief from them based on the doctrine of unconscionability, as that doctrine is to be used " 'as a shield, not a sword, and may not be used as a basis for affirmative recovery' " (*Fortune Limousine Serv., Inc. v Nextel Communications*, 35 AD3d 350, 354 [2006], quoting *Super Glue Corp. v Avis Rent A Car Sys.*, 132 AD2d 604, 606 [1987]).

Finally, the Supreme Court did not improvidently exercise its discretion in denying Drummond's request for leave to amend the third-party complaint. While leave to amend a pleading is freely given absent prejudice or surprise resulting directly from the delay (*see Eighth Ave. Garage Corp. v H.K.L. Realty Corp.*, 60 AD3d 404, 405 [2009]), leave to amend "may not be granted upon mere request, without appropriate substantiation" (*Brennan v City of New York*, 99 AD2d 445, 446 [1984]). Here, the request for leave to amend was apparently advanced in a footnote on the final page of Drummond's memorandum of law, and there is no indication, even in a conclusory fashion, as to what the new pleadings would be. Skelos, J.P., Dickerson, Maltese and LaSalle, JJ., concur.

---

Motion by Wells Fargo Home Mortgage, Inc., to dismiss a cross appeal from an order of the Supreme Court, Queens County, dated June 26, 2012, insofar as taken against it on the ground that the cross appeal has been rendered academic insofar as taken against it. By decision and order on motion dated December 13, 2013, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal and cross appeal, it is

Ordered that the motion is denied. Skelos, J.P., Dickerson, Maltese and LaSalle, JJ., concur.