Kaufman v Boies Schiller Flexner (2024 NY Slip Op 00804)

Kaufman v Boies Schiller Flexner

2024 NY Slip Op 00804

Decided on February 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 15, 2024

Before: Manzanet-Daniels, J.P., Oing, Kapnick, Shulman, Pitt-Burke, JJ. 

Index No. 154149/18 Appeal No. 1663 Case No. 2022-04105N 

[*1]Beth Coplan Kaufman, Plaintiff-Appellant,
v
Boies Schiller Flexner, et al., Defendants-Respondents.

Davidoff Law Firm, PLLC, New York (Jonathan Davidoff of counsel), for appellant.
Boies Schiller Flexner LLP, New York (Marilyn C. Kunstler of counsel), for Boies Schiller Flexner, LLP, respondent.
Furman Kornfeld & Brennan LLP, New York (Jason H. Seiler of counsel), for Dina Kaplan, Bender and Kaplan, PC and Joel C. Bender PC, respondents.

Order, Supreme Court, New York County (James D'Auguste, J.), entered on or about August 18, 2022, which, to the extent appealed from, denied plaintiff's motion for leave to amend the complaint with respect to her proposed causes of action for fraudulent inducement of the retainer agreements (first cause of action), civil conspiracy to commit fraudulent inducement (second cause of action), aiding and abetting fraudulent inducement (third cause of action), fraudulent inducement of a preliminary conference order (fourth cause of action), violation of Judiciary Law § 487 (seventh cause of action), violation of Judiciary Law § 478 (eighth cause of action), aiding and abetting the unauthorized practice of law (ninth cause of action), money had and received (tenth cause of action), and breach of fiduciary duty (eleventh cause of action), unanimously affirmed, with costs.
Plaintiff contends that she was not required to establish the merits of her proposed amended complaint, and that her proposed causes of action were not palpably insufficient. We have considered each of the proposed causes of action that were brought before us, and find that the motion court properly exercised its discretion in determining that those claims were palpably insufficient and clearly devoid of merit (see MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]; Eighth Ave. Garage Corp. v H.K.L. Realty Corp., 60 AD3d 404, 405 [1st Dept 2009], lv dismissed 12 NY3d 880 [2009]). A review of the proposed amended complaint reveals that the "new" allegations are largely a repackaging of the same allegations that had been alleged in the original complaint to recoup legal fees which were previously dismissed, and the dismissal affirmed by this Court (Kaufman v Boies Schiller Flexner, LLP, 211 AD3d 428 [1st Dept 2022]). Further, the proposed amended complaint adds an increasingly conspiratorial spin on the facts, asserting claims that are implausible on their face and otherwise clearly refuted by the record.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2024