## STEPHENSON v. SOUTHERLAND.

(Supreme Court, Appellate Division, Second Department.   April 4, 1912.)

1. APPEAL AND ERROR (§ 866*)—QUESTION OF LAW—JUDGMENT.
    The question presented for review by appeal from a judgment dismissing a complaint without any finding was solely one of law, such judgment not being on the merits, but simply one of nonsuit.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3467–3475; Dec. Dig. § 866.*]

2. DEEDS (§ 56*)—DELIVERY.
    The question of delivery of a deed is one of intention, to be ascertained from the surrounding circumstances.
    [Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 117–123, 125; Dec. Dig. § 56.*]

3. DEEDS (§ 58*)—DELIVERY.
    Where a deed is given to agents of the grantee without intent of divesting title, but merely as a deposit with them as bailees to await a future event, at which both grantor and grantee are to come together to close the transaction, there is no delivery.
    [Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 130–135; Dec. Dig. § 58.*]

4. WITNESSES (§ 268*)—ACTION TO COMPEL DELIVERY—EVIDENCE—ADMISSIBILITY.
    Where, in an action to compel the delivery of a deed, plaintiff's witness testifies on direct examination that the defendant executed and left the deed with him, the defendant could ask the witness on cross-examination what conversation took place at the same time; she being entitled to show the whole of a transaction of which the plaintiff had shown a part.
    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 931–948; Dec. Dig. § 268.*]

Appeal from Special Term, Kings County.

Action by Sadie L. Stephenson against Lydia L. Southerland. From a judgment dismissing complaint, plaintiff appeals.   Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

Robert H. Wilson, for appellant.

James E. Smyth (Adolph Kiendl, on the brief), for respondent.

CARR, J.   The plaintiff appeals from a judgment that dismissed her complaint.   The action was brought in equity to compel the delivery of a deed to the plaintiff, which, according to the allegations of the complaint, had been theretofore executed and delivered by the defendant to certain third parties for the use of one John Lewis and subsequently returned to the defendant by said third parties without authority from Lewis, under whom the plaintiff claims.   The only controversy in the case is whether the defendant had ever delivered the deed to said third parties for the use of Lewis.

[1] The trial court made no finding, and the judgment therefore is to be considered as not on the merits but simply one of nonsuit, and the only question now up for review is one of law.   Ross v. Caywood, 162 N. Y. 259, 56 N. E. 629;   Ware v. Dos Passos, 162 N.

Y. 281, 56 N. E. 742. The evidence introduced by the plaintiff shows that Lewis went to the office of a firm of attorneys in Brooklyn, known as Kiendl Bros., and told a member of the firm that a Miss Carter had sent him to them to have a deed drawn for her as grantor to Lewis as grantee, conveying certain real property in Brooklyn, and at the same time handed them an old deed or some other paper containing a description of the property. The attorneys drew a deed, and notified the defendant to appear at their office. She came, executed and acknowledged the instrument, and left it with the attorneys. She had been a client of these attorneys before this happening, but Lewis had never had any business dealings with them theretofore. In the deed as executed a blank space was left for the recital of the consideration. It bore a seal. The attorney who supervised the execution of the deed testified that the grantor, when she left the deed with him, stated that both she and Lewis would return together subsequently to close the transaction. They never returned together to the attorney's office, though Lewis thereafter sent a messenger there to get the deed, but it was not given to him. Shortly thereafter Lewis died, and the attorneys returned the instrument to the grantor. The theory of the plaintiff is that the attorneys were the agents of Lewis, and that, when the grantor left the executed deed in their custody, it was a delivery to them as agents of Lewis for his use.

[2] The question of delivery of a deed is one of intention to be ascertained from the surrounding circumstances. Brackett v. Barney, 28 N. Y. 333, 340; Carnes v. Platt, 6 Rob. 270, 281; Fisher v. Hall, 41 N. Y. 416. "It is true that the mere handing of a deed to the grantee or his agent authorized to receive it is presumptive evidence of an intent to deliver it, so as to take effect instanter as the deed of the grantor; but this presumption may be overcome by attendant circumstances." Carnes v. Platt, ut supra.

[3] Assuming, but not deciding, that these attorneys were the agents of the grantee, yet the attending circumstances show no delivery to them by the grantor with the intent of divesting title, but simply a deposit of the instrument with them as bailees to await a future event at which both grantor and grantee were to come together to close the transaction. Under these circumstances, there was no delivery of the deed in question.

[4] The appellant contends, however, that the trial court erred in the admission of improper evidence. The plaintiff called one of the attorneys, Mr. Theodore Kiendl, as her own witness. On his direct examination he testified that the defendant executed and acknowledged the deed and left it with him. On cross-examination he was asked what conversation took place between him and the defendant when she executed the deed and left it with him. This was objected to, and to allowance of this inquiry an exception was taken. There is no merit in this exception, as, the plaintiff showing but a part of the one transaction, the defendant was entitled on cross-examination to have the whole of the transaction appear.

The judgment must be affirmed, with costs. All concur.