JAMES FRANTZ, Respondent, v. ADELAIDE GATTO et al., Appellants.— On a motion for summary judgment, pursuant to rule 113 of the Rules of Civil Practice, in an action to recover upon a check alleged to have been delivered by appellants to respondent, pursuant to the terms of a contract for the sale of real property, appellants contended, in effect, that the contract and check were left in the office of a Florida attorney, who was acting for both respondent and appellant Thomas J. Gatto, upon the understanding that the contract would be of no force and effect and that the check would be returned if the contract should not be approved by appellants' New York attorney. Concededly the contract was not so approved. Order granting respondent's motion for summary judgment, and the judgment entered thereon, reversed on the law, with $10 costs and disbursements, and the motion denied, with $10 costs. The rule announced in cases which hold that parol evidence may not be introduced to establish a conditional delivery of a contract providing for the sale of real property (cf. *Blewitt* v. *Boorum*, 142 N. Y. 357) does not prevent the introduction of such evidence in support of a contention that a conditional, or escrow, delivery was made to a person who is not a party to the agreement (cf. *Worrall* v. *Munn*, 5 N. Y. 229, 238; *Stephenson* v. *Southerland*, 150 App. Div. 275) or that there was no delivery, conditional or otherwise. (Cf. *Dietz* v. *Farish*, 79 N. Y. 520; *Ten Eyck* v. *Whitbeck*, 156 N. Y. 341.) In our opinion, a question of fact as to the delivery and acceptance of the contract was presented by the papers submitted in opposition to the motion, which question should not have been summarily decided. Nolan, P. J., Carswell, Adel, Sneed and Wenzel, JJ., concur.

GERARD C. GIGNOUX et al., Respondents, v. VILLAGE OF KINGS POINT, Appellant.— In an action for a judgment declaring a provision of the zoning ordinance of the appellant village to be invalid, order denying appellant's motion to dismiss the complaint for insufficiency, and granting respondents' motion to strike out two affirmative defenses, which allege that the action is barred by reason of noncompliance with section 341-b of the Village Law, affirmed, with one bill of $10 costs and disbursements. No opinion. Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ., concur. [See *post*, p. 1065.]

JUDAH BIERMAN, Respondent, v. SAMUEL KATZ, Appellant.— Proceeding by a landlord to evict a tenant for a violation of a provision of a lease prohibiting subletting without consent of the landlord. Order of the County Court, Westchester County, affirming an order of eviction of the City Court of the City of White Plains, reversed on the law, with costs, and the proceeding dismissed, with costs. The judgment for costs, entered in accordance with the order of affirmance, is vacated, without costs. The renting of a single furnished room in a six-room apartment occupied and maintained by the tenant did not constitute a subletting within the meaning of the pertinent provision of the lease. (*Smith* v. *Rector, etc., of St. Philip's Church*, 107 N. Y. 610, 619; *Wilson* v. *Martin*, 1 Denio 602, 604; *White* v. *Maynard*, 111 Mass. 250, 253; *Shearman* v. *Iroquois Hotel & Apartment Co.*, 42 Misc. 217, 219; 1 McAdam on Landlord and Tenant [5th ed.], § 180; *Pembrook* v. *Goldman*, 176 So. 888, 890 [La.].) Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ., concur.