■ AMERADA HESS CORPORATION, Respondent, v HENRIETTA ACAMPORA, as Supervisor of the Town Board of the Town of Brookhaven, et al., Appellants. — In an action, *inter alia,* for a judgment declaring that defendants' denial of plaintiff's application to change the zoning classification of certain parcels of real property was "confiscatory" and "unconstitutional", defendants appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), dated March 31, 1983, which denied their motion to dismiss the complaint as time barred by the six-year Statute of Limitations contained in CPLR 213 (1).

Order affirmed, with costs.

In 1974 plaintiff, the lessee of a plot of land in the Town of Brookhaven composed of three contiguous parcels (hereinafter parcels A, B, and C, respectively), applied to the Town Board of the Town of Brookhaven to change the zoning classification of its property from "J Business 2 District" to "J Business 5 District". The only permitted principal use in a J Business 5 District was that of a gasoline service station. The application was granted as to Parcel A and denied as to parcels B and C on the ground that those latter parcels came within a State plan for construction of road improvements which necessitated condemnation of parts of parcels B and C. Plaintiff thereafter constructed a gas station on parcel A with a setback of 200 feet. In 1979, plaintiff received information that the State's planned road construction would not occur for at least 10 years. Plaintiff thereupon made a new application to the Town Board to rezone parcels B and C from J Business 2 District to J Business 5 District. After a public hearing, plaintiff's application was denied.

Thereafter, plaintiff commenced a proceeding pursuant to CPLR article 78 to review the Town Board's determination denying its application to rezone parcels B and C. The Town Board moved to dismiss the CPLR article 78 proceeding on the ground that its determination denying the application to rezone was a legislative act and not subject to judicial review.

By order dated October 30, 1980, Special Term held that the Town Board's determination was "administrative" and subject to judicial review. Accordingly, it denied the Town Board's motion to dismiss the CPLR article 78 proceeding. On appeal by the Town Board, this court, by order dated June 22, 1981 modified the order appealed from by adding thereto a provision converting the proceeding into an action for a declaratory judgment (*Matter of Amerada Hess Corp. v Lefkowitz,* 82 AD2d 882). In so holding, this court stated (*Matter of Amerada Hess Corp. v Lefkowitz, supra,* p 883): "Petitioner seeks review of a denial of its application to rezone certain of its leased property under a 'floating zone' provision. Such review, however, cannot be had in an article 78 proceeding, for it is of legislative action * * * The appropriate vehicle for such review is an action for a declaratory judgment".

On April 21, 1983, the parties stipulated to discontinue the proceeding without prejudice.

On September 8, 1983 plaintiff commenced the instant declaratory judgment action, seeking, *inter alia,* (1) to have the defendants' denial of its application for a change of zone declared unconstitutional and void, and (2) a judgment directing the defendants to grant a change of zone for parcels B and C. Specifically, the complaint alleges in relevant part:

"22. That by reason and by virtue of such action on the part of the Town Board in the J-5 Business zoning classification, a substantial portion of the lands leased by the Plaintiff remain unusable and unproductive and that such action on the part of the Town Board of the Town of Brookhaven was and is confiscatory of the lands of the Plaintiff * * *

"25. Upon information and belief, the denial of the application by the Town Board of the Town of Brookhaven was * * * arbitrary, confiscatory and discriminatory against the Plaintiff's property and * * *

"26. Upon information and belief, the decision and determination of the Defendant denies Plaintiff of the lawful and legitimate use of its property without due process of law".

The defendant members of the Town Board thereafter moved to dismiss the action as time barred by the six-year Statute of Limitations contained in CPLR 213 (1). Specifically, defendants argued that (1) plaintiff's cause of action accrued in 1974, i.e., approximately nine years prior to the commencement of the instant action, when the Town Board originally denied the application for a change of zone and (2) since a declaratory judgment action was governed by the residuary six-year Statute of Limitations contained in CPLR 213 (1), the instant declaratory judgment action was time barred.

In opposition to defendants' motion, plaintiff argued:

"Since the basis of the plaintiff's action is the confiscation of the property by reason of a restrictive zoning ordinance, it is respectfully submitted to the Court that this process of restricting land use is a *continuous* process and the cause of action arises each day that the restrictive zoning classification is in existence.

"It is obvious that the Statute of Limitations has not run against the plaintiff's actions since the confiscation results from a *continuing* restriction and a continuing deprivation of the plaintiff's property and a continuing discrimination against the plaintiff".

Special Term did not agree with plaintiff's argument regarding a continuing cause of action on the ground that the cases cited by plaintiff involved, in the main, "physical encroachments". Nevertheless, it denied the defendants' motion to dismiss the action as time barred on the ground that (1) the cause of action accrued in 1979 and (2) the declaratory judgment action which was commenced some four years later was therefore timely. Specifically, Special Term held:

"a reading of the complaint leads to the conclusion that the declaration sought by plaintiff relates to the denial of its application to the Board in 1979 or 1980 which had been instituted by plaintiff upon [learning] definitely that the State Department of Transportation had abandoned any intention to accomplish the widening within the immediate future.

"The action of the Appellate Division in converting that Article 78 proceeding into an action for declaratory judgment would seem to provide plaintiffs [*sic*] with justification in pursuing the same relief in the form of the newly brought declaratory judgment action. The latter, being commenced within six years of 1979, when the Board denied its application, is timely brought and this motion to dismiss is hereby denied."

In our view, the order appealed from should be affirmed, but for a different reason than that advanced by Special Term.

In addressing the problem of determining which Statute of Limitation applies to a declaratory judgment action, the Court of Appeals has held generally (*Solnick v Whalen,* 49 NY2d 224, 229-230) that: "In order to determine * * * whether there is in fact a limitation prescribed by law for a particular declaratory judgment action it is necessary to examine the substance of that action to identify the relationship out of which the claim arises and the relief sought — factors we have previously identified as pertinent to selection of the applicable Statute of Limitations (*Sears, Roebuck & Co. v Enco Assoc.,* 43 NY2d 389, 396). If that

examination reveals that the rights of the parties sought to be stabilized in the action for declaratory relief are, or have been, open to resolution through a form of proceeding for which a specific limitation period is statutorily provided, then that period limits the time for commencement of the declaratory judgment action. In that event there is a limitation specifically prescribed by law and the catch-all provision of CPLR 213 (subd 1) is not applicable * * * If no other form of proceeding exists for the resolution of the claims tendered in the declaratory judgment action, the six-year limitation of CPLR 213 (subd 1) will then be applicable."

Since "no other form of proceeding exists for the resolution of the claims" raised in the instant declaratory judgment action, it would appear, at first blush, that it is governed by the residuary six-year period of limitation contained in CPLR 213 (1). However, "no period of limitation at all is applicable to an action for a declaratory judgment * * * in cases involving a continuing harm, such as the application of an invalid statute" (1 Weinstein-Korn-Miller, NY Civ Prac ¶ 213.02). In this regard, the case of *MacEwen v City of New Rochelle* (149 Misc 251), which was decided in 1933 when the residuary Statute of Limitations was 10 years (Civ Prac Act § 53), is particularly instructive. In *MacEwen,* the plaintiff alleged, *inter alia,* in a declaratory judgment action, that the New Rochelle zoning ordinance, although presumptively valid, (1) was arbitrary, discriminatory and unreasonable and (2) deprived her of her property without due process of law, insofar as it placed that property in a residence A district, thereby forbidding the use thereof for an apartment or multifamily house. The court in *MacEwen (supra,* p 254), citing as its authority the decision of the Court of Appeals in *Dowsey v Village of Kensington* (257 NY 221, 228), noted: "viewing the ordinance for the moment as invalid * * * a fair argument may be made that until its repeal or a judicial declaration of its invalidity, the same constitutes at least the equivalent of a continuing invasion of plaintiff's property rights akin to a continuing trespass — a situation in which a new cause of action arises in plaintiff's favor against the defendant city each day" (*cf. Gignoux v Village of Kings Point,* 85 NYS2d 675, *affd* 274 App Div 1003).

In view of the aforenoted principle set forth in *Dowsey v Village of Kensington (supra)* and *MacEwen v City of New Rochelle (supra),* it is clear that the Statute of Limitations does not bar the constitutional attack raised in the instant declaratory judgment action. Accordingly, the order appealed from, which denied defendants' motion to dismiss the action as time

barred, must be affirmed. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.