■ GLENDA ATKINS et al., Appellants, v TOWN OF ROTTERDAM et al., Respondents. [697 NYS2d 780] —Spain, J. Appeal from an order of the Supreme Court (Caruso, J.), entered January 6, 1999 in Schenectady County, which granted a motion by defendant Capital Waste & Recycling, Inc. to dismiss the amended complaint as, inter alia, time barred.

In July 1997, defendant Town of Rotterdam, acting through its defendant Town Board members, passed a resolution authorizing defendant Town Supervisor to enter into an amended and restated agreement (hereinafter the agreement) with defendant Capital Waste & Recycling, Inc. Pursuant to that resolution, the Town and Capital executed the agreement shortly thereafter. Approximately one year later, plaintiffs commenced this action seeking a declaratory judgment that the resolution and the agreement were illegal and null and void.

The agreement pertained to Capital's role in the construc-

tion, operation and closure of the expansion area of a three-acre construction and demolition debris landfill owned by the Town and located therein. Plaintiffs' first cause of action in their amended complaint seeks to impose personal liability on the public official defendants pursuant to General Municipal Law § 51. It alleges that the agreement resulted in a conveyance or lease of the Town's real property to Capital, which required a permissive referendum with public notice, and that the failure to hold a permissive referendum rendered the resolution and subsequent agreement illegal (see, Town Law § 64 [2]; § 90). Plaintiffs' second cause of action sought declaratory relief to that effect.

In their answer, the Town and defendant Joseph A. Signore, a Town Board member, raised as an affirmative defense the Statute of Limitations.* Capital, in lieu of an answer, moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (5) and (7).

Supreme Court determined that notwithstanding plaintiffs' fashioning the amended complaint as a declaratory judgment action, the true nature of the action is a challenge to the procedures used in the adoption of the resolution and the agreement and, thus, it is the proper subject of a CPLR article 78 proceeding, which is governed by the four-month Statute of Limitations (see, CPLR 217). Because plaintiffs commenced this action more than four months after the resolution and agreement were enacted, Supreme Court granted Capital's motion dismissing the amended complaint as time barred. Plaintiffs now appeal.

We affirm. Plaintiffs contend that they are challenging the resolution on substantive grounds and, thus, the applicable Statute of Limitations is six years and their claim is not time barred (see, CPLR 213 [1]). They maintain that their challenge also relates to the Town's power, through its Board members, to enact the resolution at issue without holding a permissive referendum. A determination of the Statute of Limitations applicable to a particular declaratory judgment action requires an examination by this Court of " 'the substance of that action to identify the relationship out of which the claim arises and the relief sought' " (*Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202, quoting *Solnick v Whalen*, 49 NY2d 224, 229). "[W]hen the challenge is directed not at the

---

* The remaining four defendants, also sued in their capacity as Town Board members and Town Supervisor, who were represented by counsel, have neither answered the amended complaint, moved to dismiss nor filed a brief with respect to this appeal.

substance of the ordinance but at the procedures followed in its enactment, it is maintainable in [a CPLR] article 78 proceeding" (*Matter of Save the Pine Bush v City of Albany*, *supra*, at 202; *see*, *Matter of Llana v Town of Pittstown*, 234 AD2d 881, 883, *lv denied* 91 NY2d 812).

Here, plaintiffs' challenge is to the Town's failure to hold a permissive referendum on the resolution and to the Town's entering the agreement with Capital without proper authority (*see*, Town Law § 64 [2]; § 90). CPLR 7803 (2) specifically provides for such challenge—"whether the body or officer proceeded * * * without or in excess of jurisdiction"—and, thus, plaintiffs' claims could have been raised in the context of a CPLR article 78 proceeding (*see*, *Matter of Llana v Town of Pittstown*, *supra*, at 883). Contrary to plaintiffs' argument, the unavailability of a CPLR article 78 proceeding to challenge the validity of a legislative act has no bearing where, as here, their challenge is patently directed not at any aspect of the content or facial substance of the resolution but at the procedures followed in its enactment (*see*, *Matter of Save the Pine Bush v City of Albany*, *supra*, at 202).

The conclusion that this challenge is directed at the procedures followed in the enactment of this resolution does not denigrate the important requirement of permissive referendum and, indeed, such a challenge—if timely—could have resulted in the nullification of the resolution (*see*, *Matter of Millar v Tolly*, 252 AD2d 872; *see also*, *New York Pub. Interest Research Group v Giuliani*, 228 AD2d 276; *New York Pub. Interest Research Group v Town of N. Hempstead*, 153 AD2d 743). However, the import of the permissive referendum and potential consequences for the failure to hold one do not alter the unmistakable and true nature of this procedural challenge to this resolution and agreement.

As such, Supreme Court accurately determined that plaintiffs' challenge was one seeking CPLR article 78 relief and, thus, is governed by the four-month Statute of Limitations (*see*, CPLR 217; *Matter of Save the Pine Bush v City of Albany*, *supra*). While the resolution was passed in July 1997 and the agreement was executed later that month, plaintiffs did not commence this action until July 1998 and thus their claims are time barred and the amended complaint was properly dismissed. Moreover, the amended complaint lacks allegations of the necessary elements of collusion, fraud or personal gain and, therefore, it was also properly dismissed for failure to state a cause of action (*see*, General Municipal Law § 51; *Stewart v Scheinert*, 47 NY2d 826, 827-828; *Matter of*

*Schulz v Town of Kingsbury*, 229 AD2d 707, 709, *appeal dismissed* 89 NY2d 859; *Duffy v Longo*, 207 AD2d 860, 864, *appeal dismissed* 86 NY2d 779).

Mikoll, J. P., Yesawich Jr., Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.