■ Jeffrey Baker et al., Respondents, v Town of Wallkill et al., Appellants. [923 NYS2d 872]—

In an action, inter alia, for a judgment declaring, in effect, that a portion of the plaintiffs' property should be restored to the classification pursuant to which it was zoned prior to the enactment of Local Law No. 15 (2007) of Town of Wallkill (Code of Town of Wallkill § 249-5), the defendants appeal from an order of the Supreme Court, Orange County (McGuirk, J.), dated June 7, 2010, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7), or, in the alternative, to disqualify the plaintiffs' attorney.

Ordered that the order is reversed, on the law, with costs, those branches of the defendants' motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7) are granted, and the motion is otherwise denied as academic.

The Supreme Court erred in denying those branches of the defendants' motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7). Accepting the plaintiffs' allegations as true and affording them the benefit of every favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), the only arguably cognizable claim set forth in the complaint, as supplemented by the plaintiffs' additional submissions, is that Local Law No. 15 (2007) of Town of Wallkill (Code of Town of Wallkill § 249-5), which reclassified a portion of their property as residential, is invalid because it was enacted in violation of the notice requirements of Town Law §§ 264 and 265. A claim that a local law has been enacted without the statutorily required notice goes to the procedure by which the law was

enacted rather than to its "wisdom and merit" (see *P & N Tiffany Props., Inc. v Village of Tuckahoe*, 33 AD3d 61, 65-66 [2006]). Accordingly, such a claim is maintainable in a CPLR article 78 proceeding, and is governed by a four-month statute of limitations regardless of the form of action in which it is raised (see *Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202 [1987]; *Cloverleaf Realty of N.Y., Inc. v Town of Wawayanda*, 43 AD3d 419, 420-421 [2007]; *P & N Tiffany Props., Inc. v Village of Tuckahoe*, 33 AD3d at 66). Since this action was commenced more than two years after the enactment of the subject local law, the plaintiffs' only cognizable claim is time-barred, and the Supreme Court should therefore have granted those branches of the defendants' motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7).

The plaintiffs' request for leave to amend the complaint to assert a cause of action alleging that the rezoning of their property constituted a regulatory taking is improperly made for the first time on appeal (see *Flax v Lincoln Natl. Life Ins. Co.*, 54 AD3d 992, 995 [2008]; *Dimovich v OnBank & Trust Co.*, 242 AD2d 922, 923 [1997]; *Butler v Gibbons*, 173 AD2d 352, 353 [1991]).

In light of our determination, we need not address the parties' remaining contentions. Dillon, J.P., Covello, Eng and Chambers, JJ., concur.