■ Mayor of City of Mount Vernon, Respondent, v City Council of City of Mount Vernon et al., Appellants. [928 NYS2d 331]—

In this action, the plaintiff, the Mayor of the City of Mount Vernon, challenged the adoption of Local Law No. 1 (2010) of City of Mount Vernon (hereinafter Local Law No. 1), which,

inter alia, repealed Local Law No. 1 (2008) of City of Mount Vernon and abolished the Office of the Inspector General. Local Law No. 1 (2008) of City of Mount Vernon had created the Office of the Inspector General and authorized the Mayor to appoint the Inspector General.

The Supreme Court properly granted that branch of the plaintiff's motion which was, in effect, for summary judgment declaring that Local Law No. 1 is invalid. Municipal Home Rule Law § 23 (2) (f) provides that a local law that "[a]bolishes, transfers or curtails any power of an elective officer" is subject to a mandatory referendum. The requirement for a referendum applies to "legislation that impairs a power conferred on the officer as part of the framework of local government," such as creation and abolition of positions within the executive office of the mayor (*Mayor of City of N.Y. v Council of City of N.Y.*, 9 NY3d 23, 33 [2007]). "Where a referendum is required, but is not held, the local law is invalid" (*Matter of Gizzo v Town of Mamaroneck*, 36 AD3d 162, 166 [2006]; *see Mayor of City of N.Y. v Council of City of N.Y.*, 280 AD2d 380, 381 [2001]; *Mayor of City of N.Y. v Council of City of N.Y.*, 235 AD2d 230 [1997]). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating that Local Law No. 1 curtails one of his powers, and that no referendum was held (*see Morin v Foster*, 45 NY2d 287, 295 [1978]; *Matter of New York Pub. Interest Research Group v Giuliani*, 228 AD2d 276, 277 [1996]; *Matter of Yevchak v Raymond*, 63 AD2d 197, 199 [1978]). In opposition, the defendants failed to raise a triable issue of fact.

The Supreme Court also properly denied the defendants' cross motion to disqualify the Corporation Counsel for the City of Mount Vernon (hereinafter the Corporation Counsel) from representing the plaintiff in this matter on the ground that she has a conflict of interest. "The disqualification of an attorney is a matter that rests within the sound discretion of the court" (*Nationwide Assoc. v Targee St. Internal Medicine Group*, 303 AD2d 728, 728 [2003]). As contemplated in the Charter of the City of Mount Vernon, upon instituting this action, the Corporation Counsel immediately disqualified herself from representing the defendants in this action, triggering the procedure for the defendants to employ special counsel (*see* Charter of the City of Mount Vernon § 36-a). Accordingly, no conflict existed and the Supreme Court properly denied the defendants' cross motion to disqualify the Corporation Counsel from representing the plaintiff in this matter.

The parties' remaining contentions are without merit or are

improperly raised for the first time on appeal. Rivera, J.P., Covello, Florio and Lott, JJ., concur.