In an action for injunctive and declaratory relief, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Pitts, J.), dated December 15, 2011, which granted those branches of the defendants’ separate motions which were pursuant to CPLR 3211 (a) to dismiss the first, second, and third causes of action insofar as asserted against each of them, and (2) as limited by her brief, from so much of a judgment of the same court entered February 16, 2012, as, upon the order, is in favor of the defendants and against her, dismissing those causes of action.
Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,
Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the first cause of action; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, those branches of the defendants’ separate motions which were pursuant to CPLR 3211 (a) to dismiss the first cause of action insofar as asserted against each of them are denied, the first cause of action is reinstated and severed, and the order is modified accordingly.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
The plaintiff was convicted of attempted kidnapping in California in 1993. She was sentenced to time served and a period of probation, and thereafter moved to New York, where she had previously resided. In 1996, the Board of Examiners of Sexual Offenders (hereinafter the Board) determined that, because of her California conviction, the plaintiff was required to register under New York’s Sex Offender Registration Act (see Correction Law article 6-C; hereinafter SORA). The New York State Division of Criminal Justice Services (hereinafter the DCJS) then classified her as a level one sex offender.
*588 In 2006, Suffolk County adopted Local Law No. 12-2006 of the County of Suffolk which, among other things, prohibited sex offenders, including those classified as level one offenders, from residing within one quarter of a mile of a school or playground (see Suffolk County Code § 745-3 [A]). Based on this prohibition, Suffolk County, in 2009, ordered the plaintiff to be removed from the community residence in which she was living.
In 2011, the plaintiff commenced the instant action against the Suffolk County Executive and the Acting Commissioner of the DCJS for declaratory and injunctive relief. In the first cause of action, she sought a judgment declaring that Local Law No. 12-2006 of the County of Suffolk is preempted by state law. In the second and third causes of action, she sought, inter alia, a judgment declaring that the determination requiring her to register under SORA violated her right to procedural due process. The defendants filed separate pre-answer motions to dismiss the complaint insofar as asserted against each of them. On appeal, the plaintiff contends that the Supreme Court erred in dismissing the first, second, and third causes of action.
The Supreme Court properly dismissed the second and third causes of action. Even if the Board’s determination requiring the plaintiff to register under SORA could be challenged in an action for declaratory relief, the second and third causes of action are untimely, as they were asserted approximately 15 years after the challenged determination was rendered (see CPLR 213 [1]). Moreover, the harm alleged emanates from a distinct act of the Board, and does not constitute a “continuing harm” which would indefinitely extend the statute of limitations (see Matter of Federation of Mental Health Ctrs. v DeBuono, 275 AD2d 557, 560 [2000]; see also Solnick v Whalen, 49 NY2d 224, 233 [1980]).
However, the Supreme Court erred in dismissing the first cause of action, which sought a judgment declaring that Local Law No. 12-2006 of the County of Suffolk is preempted by state law. As that claim challenges the constitutionality of a legislative enactment, and not the particular administrative conduct taken pursuant thereto, a declaratory judgment action, and not a CPLR article 78 proceeding, is the proper procedural vehicle for asserting the claim (see Town of Brookhaven v State of New York, 142 AD2d 338, 340 [1988]; see also Press v County of Monroe, 50 NY2d 695, 702 [1980]). Moreover, because the applicability of an invalid statute, as opposed to the discrete act of an administrative agency, does represent a continuing harm, no period of limitation is applicable (see Amerada Hess Corp. v Acampora, 109 AD2d 719, 722 [1985]). Finally, the complaint sufficiently states a cause of action alleging preemption (see Matter of Chwick v Mulvey, 81 AD3d 161, 167-170 [2010]).
*589 The plaintiff’s remaining contention is not properly before this Court. Mastro, J.E, Hall, Lott and Sgroi, JJ., concur.