Hoehmann v Town of Clarkstown (2023 NY Slip Op 02606)

Hoehmann v Town of Clarkstown

2023 NY Slip Op 02606

Decided on May 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2023-03811
 (Index No. 35405/22)

[*1]George Hoehmann, et al., appellants,
v
Town of Clarkstown, et al., defendants-respondents; Frank Borelli, et al., intervenors-respondents.

DECISION & ORDER
In an action for a judgment declaring that Chapter 263 of the Code of the Town of Clarkstown is invalid, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Amy S. Puerto, J.), dated March 15, 2023. The order denied the plaintiffs' motion for summary judgment on the complaint, and granted the intervenors' cross-motion, in effect, for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, without costs or disbursements, that branch of the plaintiffs' motion which was for summary judgment declaring that Chapter 263 of the Code of the Town of Clarkstown is invalid because it was not subject to a public referendum is granted, that branch of the plaintiffs' motion which was for summary judgment declaring that Chapter 263 of the Code of the Town of Clarkstown is invalid for its inconsistency with Town Law § 63 and Municipal Home Law § 20 is denied as academic, the intervenors' cross-motion, in effect, for summary judgment dismissing the complaint is denied, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment, inter alia, declaring that Chapter 263 of the Code of the Town of Clarkstown is invalid.
In September 2014, the Town Board of the Town of Clarkstown (hereinafter the Town Board) passed Local Law No. 9-2014 of the Town of Clarkstown. The Town Board is made up of five members which include a town supervisor and four council members. Local Law No. 9-2014 added Chapter 263 to the Code of the Town of Clarkstown (hereinafter Chapter 263), which limited the term an elected official may serve, as follows: "[t]he term of any elected Clarkstown official elected in a regular election after January 1, 2015 shall not exceed eight (8) consecutive years" (Code of the Town of Clarkstown § 263-1). Chapter 263 requires "a majority plus one vote of the Town Board" to repeal the law (id. § 263-5).
In December 2022, the plaintiffs, George Hoehmann, the Supervisor of the Town who was barred from running for reelection in the June 27, 2023 primary election by the term-limit requirement, Don Franchino, as an enrolled voter in the Town and a member of the Town Board not currently barred from seeking reelection but who would be barred from seeking reelection in the future, and Thomas Foley, as an enrolled voter in 2014 when Local Law No. 9-2014 was enacted, and who would be prohibited from voting for the candidate of his choice if Chapter 263 was enforced, commenced this action for a judgment declaring that Chapter 263 is invalid. The parties agreed that Hoehmann is the first elected Town official elected after January 1, 2015, to serve eight consecutive years in office. Although Hoehmann originally voted for Chapter 263, that circumstance does not affect the validity of Chapter 263, or his rights or the rights of the other parties challenging [*2]it. The plaintiffs sought a judgment declaring that Chapter 263 is invalid because Local Law No. 9-2014 was never the subject of a mandatory public referendum pursuant to Municipal Home Rule Law § 23. The plaintiffs further alleged that even if Chapter 263 had been subjected to a mandatory public referendum, the provision of Chapter 263 requiring a majority plus one vote of the Town Board to repeal the chapter rendered Chapter 263 invalid for its inconsistency with Town Law § 63 and Municipal Home Rule Law § 20.
In their answer, the Town Board and the Town asserted various affirmative defenses, including that this action was barred by the statute of limitations, and that Chapter 263 was "not affected by error of law." In January 2023, the plaintiffs moved for summary judgment on the complaint. In support of the motion, the plaintiffs argued, among other things, that there is no statute of limitations for a judgment declaring that a local law is invalid, which presents a "continuing harm," which will continue to wrongfully prevent candidates who have served eight consecutive years in office from running for reelection until the law is declared invalid. On February 7, 2023, the intervenors, who are two members of the Town Board, opposed the plaintiffs' motion and cross-moved, in effect, for summary judgment dismissing the complaint. In an order dated March 15, 2023, the Supreme Court denied the plaintiffs' motion and granted the intervenors' cross-motion, determining that the action was time-barred by the four-month statute of limitations applicable to proceedings pursuant to CPLR article 78, and that the plaintiffs' allegations of a continuing harm were "unavailing and inapplicable." The plaintiffs appeal.
"Where a referendum is required, but is not held, the local law is invalid" (Mayor of City of Mount Vernon v City Council of City of Mount Vernon, 87 AD3d 567, 568 [internal quotation marks omitted]; see Morin v Foster, 45 NY2d 287, 295; Parker v Town of Alexandria, 163 AD3d 55, 58; Matter of Gizzo v Town of Mamaroneck, 36 AD3d 166). Here, the intervenors do not dispute that the enactment of Chapter 263 was subject to a "mandatory referendum" under Municipal Home Rule Law § 23(2) (emphasis added). Chapter 263 "changes the method of nominating, electing or removing an elective officer, or changes the term of an elective office"(Municipal Home Rule Law § 23[2][e]), and the inclusion of a provision requiring a supermajority to repeal the law "curtails [the] power of . . . elective officer[s]" (id. § 23[2][f]). Further, it is undisputed that no referendum was held regarding the enactment of Chapter 263.
Pursuant to Municipal Home Rule Law § 23(1), a local law which is subject to a mandatory referendum "shall become operative as prescribed therein only if approved at such election by the affirmative vote of a majority of the qualified electors of such local government voting upon the proposition." Thus, pursuant to Municipal Home Rule Law § 23(1), Chapter 263 never went into effect. Nevertheless, the Supreme Court concluded that Chapter 263 is valid, and the statute of limitations for challenging it based upon a failure to conduct a mandatory referendum had run.
"In order to determine the [s]tatute of [l]imitations applicable to a particular declaratory judgment action, the court must 'examine the substance of that action to identify the relationship out of which the claim arises and the relief sought'" (Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 202, quoting Solnick v Whalen, 49 NY2d 224, 229). "[W]hen the challenge is directed not at the substance of" a local law "but at the procedures followed in its enactment, it is maintainable in [a CPLR] article 78 proceeding," which is subject to a four-month statute of limitations period (Matter of Save the Pine Bush v City of Albany, 70 NY2d at 202; see CPLR 217[1]; Village of Islandia v County of Suffolk, 162 AD3d 715, 717; Baker v Town of Wallkill, 84 AD3d 1134, 1135).
In concluding that the plaintiffs' challenge to Chapter 263 was governed by the four-month statute of limitations applicable to proceedings pursuant to CPLR article 78, the Supreme Court relied upon Village of Islandia v County of Suffolk (162 AD3d 715). In Islandia, the plaintiff, the Village of Islandia, commenced an action seeking, inter alia, declaratory relief challenging the defendants' "formation and operation" of the Suffolk County Traffic and Parking Violations Agency (hereinafter the agency) (id. at 715). The agency was operational more than four months prior to the commencement of the action (see Village of Islandia v County of Suffolk, 46 Misc 3d 1223[A], 2015 [*3]NY Slip Op 50273[U], *4 [Sup Ct, Suffolk County]). This Court determined that the Supreme Court properly directed dismissal of the causes of action alleging "that actions taken by the defendants in the formation and operation of the agency were void and illegal due to the defendants' failure" (Village of Islandia v County of Suffolk, 162 AD3d at 717) to comply with the requirements of the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA), and failure to conduct a referendum which was required by Municipal Home Rule Law § 33-a, on the ground that those causes of action "did not address the merits of the defendants' actions, but rather focused on whether certain . . . procedures had been followed" and therefore could have been brought pursuant to CPLR article 78 (Village of Islandia v County of Suffolk, 162 AD3d at 717).
Islandia relied upon Atkins v Town of Rotterdam (266 AD2d 631, 633), which challenged a resolution authorizing an agreement which allegedly resulted in the conveyance of municipal property without giving the proper public notice allowing the public to seek a permissive referendum on the measure. Failure to give the statutorily required notice triggering a permissive referendum should be challenged in a proceeding pursuant to CPLR article 78 with a four-month statute of limitations (see Baker v Town of Wallkill, 84 AD3d 1134; P & N Tiffany Props., Inc. v Village of Tuckahoe, 33 AD3d 61). Further, challenges for failure to comply with SEQRA are governed by the four-month statute of limitations for proceedings pursuant to CPLR article 78 (see Matter of Save the Pine Bush v City of Albany, 70 NY2d at 203). As noted by our dissenting colleague, a failure to comply with the notice requirements of SEQRA, "however egregious it may be, . . . falls within the category of cases in which CPLR article 78 review is available" (P & N Tiffany Props., Inc. v Village of Tuckahoe, 33 AD3d 61, 65). As noted in Matter of Save the Pine Bush v City of Albany (70 NY2d at 203), where "SEQRA review [is] required before any specific applications were needlessly studied at great expense to both the City and the developers . . . consideration of possible detrimental effects of this action should [be] given at the earliest possible time" (citations omitted). In the instant case, on the other hand, the failure to challenge Chapter 263 within four months did not have financial implications. Rather, it affected the rights of the future members of the Town Board and the public and the sanctity of the right to vote (1981 Atty Gen [Inf Ops] No. 81-10).
Both Islandia and Atkins involved discrete acts, at least some of which were completed. Therefore, even if the laws authorizing those actions never went into effect because no referendum was held, the acts themselves could be challenged pursuant to CPLR article 78 for failure to follow proper procedure (see Matter of Agoglia v Benepe, 84 AD3d 1072, 1076). Accordingly, Islandia is distinguishable from the instant case on the grounds that it involved discrete acts, as well as SEQRA review. Atkins is distinguishable for the additional reason that it involved a permissive referendum.
However, as noted in Islandia, the "substantive validity" of a legislative act cannot be challenged in a proceeding pursuant to CPLR article 78 (Village of Islandia v County of Suffolk, 162 AD3d at 717). It is a departure of substance from the formula prescribed by law that results in a judicial declaration of invalidity (see Coutant v Town of Poughkeepsie, 69 AD2d 506, 513-514). In determining whether a particular irregularity is a departure of substance, one must examine the purpose of the particular procedural step and judge whether that purpose has been frustrated to the possible detriment of interested parties (see id. at 514; 1986 Ops Atty Gen No. 86-7 [informal opn] ["Failure to comply with procedural requirements for the enactment of local legislation, if substantial, invalidates the enactment"]). A mandatory referendum preserves the sanctity of the right to vote (1981 Atty Gen [Inf Ops] No. 81-10).
In this case, since the substance of Chapter 263 is in issue, a plenary action for a declaratory judgment is warranted (see Parker v Town of Alexandria, 163 AD3d 55; Matter of Sacco v Maruca, 175 AD2d 578). Chapter 263 is substantively invalid on its face because the supermajority requirement continually curtails the power of a local officer to act (see Morin v Foster, 45 NY2d 287; Mayor of City of Mount Vernon v City Council of City of Mount Vernon, 87 AD3d 567, 568; Matter of City of Newburgh v McGrane, 82 AD3d 1225). This goes to the wisdom and merit of the local law. "Unless specifically provided by statute or charter provisions, one [local] legislature may not bind the hands of its successors in areas relating to governmental matters" (Morin [*4]v Foster, 45 NY2d at 293). "A local law . . . which . . . has the effect of curtailing the power of such elective officers . . . becomes operative only after approval by the majority of the qualified" voters (Matter of Heeran v Scully, 254 NY 344, 345), since it "curtail[s] each legislator's relative ability to cast the deciding vote" (2007 Ops Atty Gen No. 2007-5 at 3). To rule otherwise in the instant case would bind the hands of the Town Board and the public indefinitely, merely because years in the past, no one saw fit to challenge a law which would only have practical effect years in the future.
If a legislative enactment generates continuing harm, it is not covered by any statute of limitations (see Amerada Hess Corp. v Acampora, 109 AD2d 719, 722). Here, the plaintiffs assert continuing harms, i.e., Hoehmann will be barred from running for reelection in 2023, Franchino would be barred from running for reelection in the future, and Foley's rights as a voter have been and continue to be harmed by enforcement of a law which should have been submitted to him in a mandatory referendum, but was not. The substance of Chapter 263, which requires a supermajority to repeal, changing the requirements of State law that a simple majority is all that is required (see Municipal Home Rule Law § 20[1]; Town Law § 63), constitutes a continuing infringement on the power of members of the Town Board to amend and/or repeal its laws, and the rights of the voters to select candidates who do not comply with the term-limit requirements. The power of the Town Board cannot be limited indefinitely merely because there was a procedure which would have allowed for the passage of such a provision, and although that procedure was not followed, the four-month statute of limitations for challenging procedural defects had passed. This was not a mere procedural defect. Rather, the Town Board imposed a continuing illegal infringement on the rights of future members of the Town Board, and a continuing infringement upon the rights of the voters.
Therefore, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment declaring that Chapter 263 is invalid because it was not subject to a public referendum, and denied the intervenors' cross-motion, in effect, for summary judgment dismissing the complaint.
In light of our determination, the parties' remaining contentions have been rendered academic.
Since this is a declaratory judgment action, the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment, inter alia, declaring that Chapter 263 of the Code of the Town of Clarkstown is invalid (see Lanza v Wagner, 11 NY2d 317, 318).
BARROS, J.P., WOOTEN and WAN, JJ., concur.
CHAMBERS, J., dissents, and votes to affirm, and to remit the matter to Supreme Court, Rockland County, for the entry of a judgment, inter alia, making the appropriate declaration in favor of the defendant on the second cause of action (see Lanza v Wagner, 11 NY2d 317, 334), with the following memorandum:
I respectfully dissent, and I would affirm the order of the Supreme Court.
As a threshold matter, the plaintiffs challenge the validity of a local law passed by the Town Board of the Town of Clarkstown (hereinafter the Town Board), which imposes term limits on certain elected Town officials, primarily on the ground that the Town Board failed to submit the law to the voters for a mandatory referendum. Although the idea that the local law in question is invalid is not fanciful, it strikes me that it is implausible considering our current jurisprudence.
I note, at the outset, that this case comes to us in a somewhat unusual posture, in that the local law at issue in this appeal, Chapter 263 of the Code of the Town of Clarkstown (hereinafter Chapter 263), was introduced in 2014 when the plaintiff George Hoehmann was a Councilman for the Town of Clarkstown. Hoehmann was present at the Town Board meeting on August 5, 2014, during which the Town Board approved a resolution to direct the Town Attorney to prepare a notice of a public hearing on the proposed law, which would set term limits on certain elected Town [*5]officials. At that meeting, Hoehmann spoke in favor of the law, and "stated he would like to have that resolution extended to all elected officials in the Town of Clarkstown and additionally would like to ensure that no future Town Board could easily repeal it." After a public hearing was held, Chapter 263 was passed by the Town Board on September 9, 2014, by a vote of five votes in favor, including Hoehmann, and zero votes against, and was filed with the Secretary of State pursuant to section 27 of the Municipal Home Rule Law on September 18, 2014, with an effective date of January 1, 2015 (see New York Department of State Local Law Filing [September 18, 2014], available at https://locallaws.dos.ny.gov/sites/default/files/drop_laws_here/ ECMMDIS_appid_DOS20150218075530_2/Content/09021343800bd6e9.pdf [last accessed May 15, 2023]).
More than seven years after Chapter 263 went into effect, Hoehmann, who would be barred from office by the term limits in the law he once supported, along with the other plaintiffs, commenced this action for a judgment declaring that Chapter 263 is void and is of no force and effect, because Hoehmann and his fellow members of the Town Board never submitted it to the voters in a mandatory referendum, as required by Municipal Home Rule Law § 23. The plaintiffs also seek a judgment declaring that the supermajority requirement to repeal the law, which Hoehmann initially recommended, is invalid on the ground that it is purportedly inconsistent with Town Law § 63 and Municipal Home Rule Law § 20.
For the following reasons, I believe that the Supreme Court properly directed dismissal of the first cause of action, predicated on the failure to submit Chapter 263 to a mandatory referendum, on the ground that the cause of action is time-barred. It is well established that to determine whether an action for declaratory relief is barred by a statute of limitations, "it is necessary to examine the substance of that action to identify the relationship out of which the claim arises and the relief sought" (Solnick v Whalen, 49 NY2d 224, 229; see Village of Islandia v County of Suffolk, 162 AD3d 715, 716). Controlling case law draws a clear distinction between substantive and procedural challenges to a law, and the time frames within which such challenges must be brought. Thus, a petitioner who challenges the procedures followed in the enactment of a statute, law, or ordinance, must proceed by CPLR article 78, and a four-month statute of limitations applies to such proceedings (see Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 202). By contrast, our courts have stressed that, "where the substance of the law, its wisdom and merit, or its constitutionality, is challenged, then the proper procedure is to commence an action for a declaratory judgment" (Matter of Highland Hall Apts., LLC v New York State Div. of Hous. & Community Renewal, 66 AD3d 678, 681 [citations and internal quotation marks omitted]; see Matter of Save the Pine Bush v City of Albany, 70 NY2d at 202; Amereda Hess Corp. v Acampora, 109 AD2d 719).
Relatedly, the analysis of whether a challenge to a law is "substantive," as distinguished from procedural (Matter of Save the Pine Bush v City of Albany, 70 NY2d at 202), should not be confused with the analysis of whether a procedural infirmity is "substantial" or significant, as distinguished from a mere irregularity that may be excused (Alscot Inv. Corp. v Laibach, 109 AD2d 718, 718, affd 65 NY2d 1042; see Coutant v Town of Poughkeepsie, 69 AD2d 506, 511-514; Mantello v City of Troy, 172 Misc 2d 664, 671 [Sup Ct, Rensselaer County]). This Court has said that a "departure in substance from the formula prescribed by statute" for passing a local ordinance, that is, a level of noncompliance with procedure that has thwarted the purpose of the procedural law, will constitute grounds for invalidating the local ordinance (41 Kew Gardens Rd. Assoc. v Tyburski, 124 AD2d 553, 554 [internal quotation marks omitted]; see Coutant v Town of Poughkeepsie, 69 AD2d at 511-514). Yet, such a departure is still a procedural infirmity, "however egregious it may be" (P & N Tiffany Props., Inc. v Village of Tuckahoe, 33 AD3d 61, 65). The cases cited by the majority do not stand for the proposition that a "departure of substance" from procedural requirements, as that term has been used in our own jurisprudence such as Coutant v Town of Poughkeepsie (69 AD2d at 513-514), gives rise to a challenge to the "substance" of a law, as that term is used by the Court of Appeals in Matter of Save the Pine Bush v City of Albany (70 NY2d at 202). The Attorney General's informal opinion cited by the majority is not controlling authority, appears to use the phrase "departure of substance" in a manner similar to Coutant (69 AD3d at 514), and, like Coutant, predates the 1987 decision of the Court of Appeals in Matter of Save the Pine Bush v City of Albany (70 NY2d at 202). Nor do the cases cited by the majority stand for the [*6]proposition that a law enacted through procedurally improper means is "substantively invalid" when the law imposes continuing restrictions. In my view, this understanding of substantive invalidity cannot be reconciled with the clear dichotomy between substantive and procedural challenges as articulated by the Court of Appeals (see Matter of Save the Pine Bush v City of Albany, 70 NY2d at 202-204; Matter of Voelckers v Guelli, 58 NY2d 170, 176-177). Therefore, I cannot agree with my colleagues that the plaintiffs' challenge to Chapter 263 based on the failure to hold a mandatory referendum, which is patently a challenge to the procedures followed in enacting the law and not to the law's content, constitutes a challenge to the substantive validity of the law.
Indeed, the plaintiffs here are not contending that the Town Board's failure to submit Chapter 263 for a mandatory referendum should be understood as a "substantive," as distinguished from a procedural, defect in the law. Nor, however, do they concede that they were obligated to raise this objection to Chapter 263 in a CPLR article 78 proceeding within four months of the law's purported enactment. Rather, they are contending that Chapter 263 never became a law at all. They are therefore contending, in effect, that their challenge falls outside of the procedural-versus-substantive dichotomy set forth in Matter of Save the Pine Bush v City of Albany (70 NY2d at 202). The plaintiffs would draw a distinction between statutorily-mandated procedures, the violation of which would subject a local law to a CPLR article 78 challenge, and statutorily-mandated procedures that are, on their face, so essential that their omission constitutes a failure to pass a law at all.
The distinction urged by the plaintiffs cannot be reconciled with this Court's precedent, as the appellants concede. The appellants urge this Court to conclude that Village of Islandia v County of Suffolk (162 AD3d at 717), was wrongly decided and should be repudiated. However, I do not suggest that the majority sees Islandia as indistinguishable. Rather, my disagreement with the majority's effort to distinguish Islandia is set forth below. However, I view the majority's manner of distinguishing Islandia as differing from the appellants' specific contention that Islandia was "wrongly decided."
In Village of Islandia v County of Suffolk (162 AD3d at 717), the plaintiffs challenged the validity of a municipal law creating an agency to adjudicate traffic and parking violations, on the ground, among other things, that the law was passed without conducting a referendum. The referendum requirement in issue in Islandia was set forth in a statute which, similar to Municipal Home Rule Law § 23 in issue here, provided that the law in issue "shall not become operative unless and until it is approved at a general election or at a special election" (id. § 33-a[2] [emphasis added]). This Court determined that the plaintiffs' challenge to the municipal law predicated upon the municipality's failure to hold a referendum was time-barred, as the challenge was not brought within four months of the law's enactment (see Village of Islandia v County of Suffolk, 162 AD3d at 717).
I am unpersuaded by the plaintiffs' contention that Islandia was wrongly decided or should be disturbed, as the plaintiffs have failed to demonstrate that it is inconsistent with any controlling authority. The cases upon which the plaintiffs primarily rely, Mary K. v Levy (109 AD3d 587, 589), and Amerada Hess Corp. v Acampora (109 AD2d at 722), involved constitutional attacks to the substance of a government action, and not, as in Islandia and the case at bar, challenges to the method of a law's enactment.
To be sure, as noted by the majority, courts have repeatedly stated that "[w]here a referendum is required, but is not held, the local law is invalid" (see e.g. Mayor of City of Mount Vernon v City Council of City of Mount Vernon, 87 AD3d 567, 568). However, these cases did not confront the statute of limitations defense raised here. Indeed, the case law demonstrates that aggrieved parties are capable of bringing timely proceedings to challenge laws that were not subjected to a mandatory referendum, within four months of their purported enactment (see Morin v Foster, 45 NY2d 287; Mayor of City of Mount Vernon v City Council of City of Mount Vernon, 87 AD3d at 567). Notably, our precedent also reflects that we have declined to declare a law invalid, even when a mandatory referendum was not held, when the law was not properly challenged by a party with the standing to do so (see Matter of Gizzo v Town of Mamaroneck, 36 AD3d 162, 163-164).
I am also not persuaded by the manner in which the majority would distinguish Islandia, which is not urged by the plaintiffs. The majority says only that it views Islandia as addressing the illegality of a completed, discrete act, as distinguished from the ongoing effect of the term limit law at issue here. The suggestion is puzzling. In my view, the law at issue in Islandia, which created an agency that continues to operate and continues to adjudicate parking violations (see Village of Islandia v County of Suffolk, 162 AD3d at 717), would seem to have at least as much continued effect as would a law, such as here, that creates term limits on a public office. Likewise, the ordinances at issue in Matter of Save the Pine Bush continued to operate to "open the Pine Bush to commercial development" and to allegedly pose a threat to the "distinct environmental characteristics" of that area (see Matter of Save the Pine Bush v City of Albany, 70 NY2d at 200). Thus, in my view, Chapter 263's continual curtailment of the powers and of the terms of the Town officials is not a basis for concluding that the plaintiffs' challenge is not time-barred.
Moreover, to undermine Islandia in the manner that the plaintiffs advocate could arguably cast doubt on our holdings in other cases as well, as the line that the plaintiffs would have courts draw between those procedural defects that render a law void ab initio, and those that do not, is perhaps not as clear as the plaintiffs suggest. In Baker v Town of Wallkill (84 AD3d 1134), this Court was faced with a procedural law, purportedly violated by a municipality, which provided, among other things, that "no [zoning] regulations . . . shall become effective until after a public hearing in relation thereto, at which the public shall have an opportunity to be heard" (Town Law § 264[1] [emphasis added]). The law then set forth notice requirements for such hearing (see id. § 264[1]-[3]), which purportedly were not followed (see Baker v Town of Wallkill, 84 AD3d at 1134-1135). This Court determined that the plaintiffs' challenge to the local law as violating the notice requirements for the public hearing was time-barred, as the action "was commenced more than two years after the enactment of the subject local law" (id. at 1135). While there is precedent adjudicating the distinctions between a municipality's technical violations of a procedural statute, as opposed to violations that go to the heart of the statute and would thwart its legislative purpose, such adjudications are properly made in the context of a timely commenced litigation to challenge the municipal action shortly after it occurs (see e.g. 41 Kew Gardens Rd. Assoc. v Tyburski, 124 AD2d 553). The plaintiffs' position that certain procedural omissions render a law presumptively invalid, such that it may be challenged at any time after its purported enactment, is inconsistent with established precedent holding that "[l]egislative enactments and local laws are presumptively valid" (Matter of JDM Holdings, LLC v Village of Warwick, 200 AD3d 880, 882 [internal quotation marks omitted]; see Terminello v Village of Piermont, 92 AD3d 673, 674).
Without further guidance from the Court of Appeals on these issues, I am reluctant to disturb this Court's precedent to the degree that would be necessary to credit the plaintiffs' contentions. Accordingly, I would affirm the Supreme Court's determination directing dismissal of the first cause of action as time-barred.
As to the plaintiffs' second cause of action, I would affirm the Supreme Court's determination that Chapter 263 is not invalid for inconsistency with Town Law § 63 and Municipal Home Rule Law § 20. "Municipalities generally have the authority to adopt local laws to the extent that they are not inconsistent with either the State Constitution or any general law" (Eric M. Berman, P.C. v City of New York, 25 NY3d 684, 690; see NY Const, art IX, § 2[c][ii]; Municipal Home Rule Law § 10[1]). "[A] local law is inconsistent where local laws prohibit what would be permissible under State law, or impose prerequisite additional restrictions on rights under State law, so as to inhibit the operation of the State's general laws" (Eric M. Berman, P.C. v City of New York, 25 NY3d at 690 [internal quotation marks omitted]; see Zakrzewska v New School, 14 NY3d 469, 480). However, "a local law's imposition of a stricter penalty than a state law does not amount to a conflict" (People v Torres, 37 NY3d 256, 269; see Zakrzewska v New School, 14 NY3d at 480).
Here, in support of the second cause of action, the plaintiffs alleged that even if Chapter 263 had been subjected to a public referendum, the provision of Chapter 263 requiring a majority plus one vote of the Town Board to repeal Chapter 263 rendered Chapter 263 invalid due to its inconsistency with Town Law § 63 and Municipal Home Rule Law § 20. Neither Town Law § 63 nor Municipal Home Rule Law § 20 prohibit a local law from requiring a majority plus one vote [*7]of the Town Board to repeal that local law. Town Law § 63 provides, inter alia, that "[e]very act, motion or resolution shall require for its adoption the affirmative vote of a majority of all the members of the town board." Under Municipal Home Rule Law § 20(1), "[n]o local law shall be passed except by at least the majority affirmative vote of the total voting power of the legislative body." Thus, by using the phrase "at least the majority affirmative vote," the plain language of Municipal Home Rule Law § 20(1) makes clear that a majority affirmative vote is the minimum vote required to pass a local law. Contrary to the plaintiffs' contention, the stricter vote requirement to repeal Chapter 263 does not conflict with Town Law § 63 and Municipal Home Rule Law § 20 (see People v Torres, 37 NY3d at 269; Zakrzewska v New School, 14 NY3d at 480).
Accordingly, I would conclude that the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the second cause of action for a judgment declaring that Chapter 263 of the Code of the Town of Clarkstown is invalid for its inconsistency with Town Law § 63 and Municipal Home Rule Law § 20, and properly awarded summary judgment in favor of the defendant on that cause of action. I would therefore remit the matter to the Supreme Court, Rockland County, for the entry of a judgment, inter alia, making the appropriate declaration in favor of the defendants-respondents on the second cause of action (see Lanza v Wagner, 11 NY2d 317, 334).
ENTER: Maria T. Fasulo
Clerk of the Court